STATE, use of. MICHAEL FALLON *vs.* GEORGE L. LAYMAN, and others.

*Question as to who is the real plaintiff in an action upon a sheriff's bond—Rule security for costs—Presumptions on appeal.*

In an action on a sheriff's bond brought in the name of the State, for the use of the real claimant, it was HELD:

1st. That the State in such form of action permits its name to be used by the party beneficially interested, but is in no event answerable for any part of the costs.

2nd. That the party for whose use the suit is instituted, is the plaintiff within the spirit and meaning of sections 8 and 10 of Art. 27 of the Code.

3rd. That if he is a non-resident of the State, there can be no doubt of the Court to lay the rule requiring him to give security for the payment of the costs, as provided in sec. 10 of said Article.

4th. That on appeal from the refusal of the Court below to strike out a rule "security for costs," after the rule had been made absolute, all the presumptions are that the Court acted upon sufficient proof in laying the absolute rule, and the motion to strike out, imposed upon the appellant the necessity of showing affirmatively the contrary.

APPEAL from the Circuit Court for Allegany County.

This suit was brought by the State of Maryland, for the use of Michael Fallon, against the appellees, on a sheriff's bond. The record of the proceedings subsequent to the declaration is as follows:

1875, Oct. 11th.—Motion by defendants for rule security for costs.

1875, Nov. 10th.—Rule security for costs and case continued.

State, use of Fallou *vs.* Layman, *et al.*

1876, Jany. 4th.—Motion to strike out rule security for costs.

1876, January 6th.—Reasons filed in the words following, to wit:

STATE, use FALLON,  
    *vs.* } No. 27, Trials.—January Term, 1876.  
LAYMAN, *et al.*

The plaintiff in this cause moves the Court to strike out the rule security for costs in this case, for the following reasons, viz.,

1st. Because the entry thereof was made improvidently and without proper foundation being laid.

2nd. Because the said Fallon whose non-residency is alleged as ground for said rule, is only the equitable plaintiff, and the legal plaintiff being the State of Maryland, no security for costs can be required.

WM. BRACE, JR.,<br><em>Atty. for plaintiff.</em>

1876, Jany. 6th.—Motion to strike out rule security for costs overruled, and judgment of *non pros.* on rule security for costs.

1876, June 6th.—Appeal prayed by plaintiff.

The cause was argued before BARTOL, C. J., STEWART, BOWIE, BRENT, GRASON and MILLER, J.

*Thomas Cook Hughey, Wm. Brace* and *Benj. A. Richmond,* for the appellant.

*A. H. Blackiston,* for the appellees.

BRENT, J., delivered the opinion of the Court.

When this case was first reached upon the docket, it was continued under the rule, but afterwards the continuance was struck out by consent, and the case submitted on the 21st of February.

We shall dispose of it in a very few words.

The suit is brought on a sheriff's bond, in the name of the State, use of Michael Fallon, and a rule was laid upon the plaintiff, "security for costs."

It is contended, that the State being the legal plaintiff, it is not a case in which the defendant can demand the security. *Art.* 27, *sec.* 10, of the Code provides, that the defendant may have a rule on the plaintiff to give security for the payment of the costs and charges *which may be recovered against him* in such action, if the plaintiff is not a resident of the State. In a form of action like the present, the State permits its name to be used by the party beneficially interested, but is in no event answerable for any part of the costs. They are chargeable against the party for whose use the suit is instituted, and may be recovered against him. *Art.* 27, *sec.* 8. He is the plaintiff within the spirit and meaning of these sections of Art. 27, read together, and it is unimportant that he is but the equitable plaintiff. He is the party plaintiff chargeable with costs, and the language, as well as the spirit and intention of the law, embraces him. There can be no doubt, if he is a non-resident of the State, of the power of the Court to lay the rule. The practice of the Courts has given this construction to the law, and we think it is the correct one.

The next objection to the rule is, that it was improvidently laid, there being no proof offered of Fallon's being a non-resident of the State.

The motion in this case is to strike out the rule which had been made absolute. All the presumptions are, that the Court acted upon sufficient proof in laying the absolute rule for security, and the motion to strike out imposes upon the appellant the necessity of showing affirmatively the contrary. This he has not done, for there is no proof upon either side to be found in the record. This leaves the presumption in favor of the "*rite acta*" on the part

of the Court, and such presumption is now conclusive upon us.

The judgment of the Court below will, for these reasons, be affirmed.

*Judgment affirmed.*

(Decided 2nd March, 1877.)