CHARLES T. PLUNKETT & another, executors, *vs.* OLD COLONY TRUST COMPANY, trustee, & others.

Suffolk.    June 23, 1919. — September 10, 1919.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Tax.*

The tax imposed by U. S. St. 1916, c. 463, § 201 (39 U. S. Sts. at Large, 777), as amended by U. S. St. 1917, c. 159, § 300 (39 U. S. Sts. at Large, 1002), and U. S. St. 1917, c. 63, § 900 (40 U. S. Sts. at Large, 324), is an estate tax and not a legacy or succession tax, and, where the will of a testator makes no provision in regard to its payment, it must be paid out of the residue of his estate.

BILL IN EQUITY, filed in the Supreme Judicial Court on May 21, 1919, by the executors of the will of William B. Plunkett, late of Adams, praying for instructions as to whether the United States estate tax assessed upon the estate of the testator, amounting to $72,476.15, was to be paid entirely out of the residue of the testator's estate or whether it should be borne *pro rata* by all the legatees and devisees under the will.

The case came on to be heard before *Crosby*, J., who reserved it upon the pleadings for determination by the full court.

The case was submitted on briefs.

*C. N. Stoddard,* for the administrator of the estate of William C. Plunkett and others.

*S. H. Pillsbury & R. L. Dana,* for the Old Colony Trust Company, trustee, and others.

RUGG, C. J.   This case is reserved upon the pleadings for the determination of this court.   The material facts are that William B. Plunkett, late of Adams in the county of Berkshire, died testate on the twenty-fifth of October, 1917, leaving as his heirs at law two sons, each of whom had children, and one of whom has since deceased.   His will was executed on the fifteenth of September, 1909, the first codicil on the twenty-third of October, 1911, and the second codicil on the nineteenth of July, 1917.   None of these testamentary instruments contain any provision respecting the payment of

succession or inheritance taxes under either State or federal laws. The State legacy and succession tax had been enacted before the execution of the will and remained in force as amended at the time of the execution of both codicils. St. 1909, c. 490, Part IV. The federal "estate tax" was enacted shortly before the execution of the last codicil. The estate of the testator was of such size that the federal tax assessed upon it was $72,476.15. The provision for one son under the will and codicils was a gift outright of property valued at $14,275, and a gift of property valued at $382,616.75 to a trustee upon a spendthrift trust, to pay the income to that son during his life, with other life estates at his death and gifts over of the remainder. A legacy amounting to $126,760 was given to a trustee to hold until the testator's grandchildren should "arrive at the age of twenty-five years respectively," when it was to be divided equally among them. The residue of the estate, valued at $381,109.72, was bequeathed to the testator's other son. This petition by the executors is brought to determine whether this federal tax which has been paid should be charged entirely against the residue of the estate or apportioned *pro rata* among all the devisees and legatees. That is the single question presented. An important factor in the answer of this question is the meaning of the federal statute on the point whether the tax is imposed with reference to the entire net estate or with reference to the particular devises, bequests or distributive shares.

The tax was established by the act of Congress of September 8, 1916, entitled "An Act to increase the revenue, and for other purposes," as amended by the Acts of March 3, 1917, and of October 3, 1917. The relevant sections of the successive acts are grouped respectively under "Title II, Estate Tax," "Title III, Estate Tax," and "Title IX, War Estate Tax." The tax thus entitled is "imposed upon the transfer of the net estate of every decedent dying after the passage of this Act." § 201. Subsequent sections contain directions for the ascertainment of the net value of estates of deceased persons. Briefly and compendiously stated the net value comprehends all estate left by a decedent within the purview of the act after deducting debts, losses and expenses of administration and an exemption of $50,000. §§ 202, 203. The tax is in general terms and is a percentage upon the amount

of the net estate. § 201. It is due one year after the death of the decedent. § 204. It must be paid by the executor or administrator, and no direction is found in the act for apportionment among legatees or devisees. § 207. The intent is expressed by § 208 that, unless otherwise directed by will, the tax shall be paid out of the estate before distribution. The tax, if not sooner paid, is made a lien upon the gross estate for a period of ten years, except that it is divested as to such part as is used to defray charges against the estate and expenses of administration when allowed by the court of appropriate jurisdiction. § 209.

The contention that the tax is on the particular devises, bequests or distributive shares is met at the outset by the heading or title given to the tax by the statute itself, which describes the kind of pecuniary imposition levied as an "Estate Tax." This is properly to be considered in interpreting a statute of the United States. *Knowlton* v. *Moore,* 178 U. S. 41, 65. The sections of the act prefaced by this heading or title refer exclusively to the value of the "net estate" as the basis for the ascertainment of the tax. There is no mention whatever in this connection of legacies, devises or distributive shares. They are wholly omitted. The statute ignores utterly the disposition made of the estate by the testator or by the law as to intestate property, and looks only to the net estate itself as defined.

The words of the act of Congress imposing the tax point strongly toward the interpretation that the tax is on the estate and not on the particular devises, legacies or distributive shares. The words "net estate" are used uniformly in the operative parts of the act to the exclusion of phrases of other significance.

Two considerations fortify this interpretation.

(1) The war revenue act of 1898, being an act approved on June 13 of that year, 30 U. S. Sts. at Large, 464, 465, plainly and by its express words imposed a tax on particular legacies and distributive shares arising from the property left by a decedent and not on the whole personal estate so left. *Knowlton* v. *Moore,* 178 U. S. 41, 43, 65, 67, 71. The contrast between the terms of that earlier act and those of the present throws a clear light on the meaning of the act here in question. If Congress had intended to levy a tax on legacies and distributive shares, it naturally would have adopted the words of its act of 1898, which

had been already used and whose signification had been established by the highest judicial authority. Employment of other language of quite different import indicates a change of purpose.

(2) It is permissible to examine records of legislative proceedings incident to the passage of a statute to illumine its doubtful language, although its plain meaning cannot be thereby affected; but for this purpose resort commonly cannot be had to the debates of individual members. *Old South Association in Boston* v. *Boston,* 212 Mass. 299, 305, and cases there collected. *United States* v. *St. Paul, Minneapolis & Manitoba Railway,* 247 U. S. 310, 318. The design of the framers of the act of 1916 to establish an estate tax as distinguished from a legacy or distribution tax is manifested by the report of the committee on ways and means of the national House of Representatives, to which the revenue bill had been referred. In that report made on July 5, 1916 (Report No. 922, 64th Congress, 1st Session), page 5, under the heading "Estate Tax," are found these words: "Thirty States have laws imposing inheritance or share taxes both upon direct and collateral heirs. Twelve other States have laws imposing inheritance taxes upon collateral heirs. Your committee deemed it advisable to recommend a federal estate tax upon the transfer of the net estate rather than upon the shares passing to heirs and distributees or devisees and legatees. The federal estate tax recommended forms a well-balanced system of inheritance taxation as between the Federal Government and the various States, and the same can be readily administered with less conflict than a tax based upon the shares."

An estate tax as distinguished from a legacy or succession tax is well recognized. It was said in *Minot* v. *Winthrop,* 162 Mass. 113, 124, "the right or privilege taxed can perhaps be regarded either as the right or privilege of the owner of property to transmit it on his death, by will or descent, to certain persons, or as the right or privilege of these persons to receive the property." The difference between the nature of the two kinds of taxes was pointed out and defined by a quotation from Hanson's Death Duties, by the present Chief Justice of the United States in *Knowlton* v. *Moore,* 178 U. S. 41, at page 49, in these words: "What it [that is, an estate tax] taxes is not the interest to which some person succeeds on a death, but the interest which ceased

by reason of the death." An estate tax is imposed upon the net estate transferred by death and not upon the succession resulting from death. *In re Roebling,* 89 N. J. Eq. 163.

The conclusion seems to us to follow irresistibly that the tax here in question is an estate and not a legacy or succession tax. This is in accord with the decision in *Matter of Hamlin,* 226 N. Y. 407. Although the precise point was not presented for decision in *Corbin* v. *Townshend,* 92 Conn. 501, 505, *People* v. *Pasfield,* 284 Ill. 450, 453, *State* v. *Probate Court of Hennepin County,* 139 Minn. 210, 211, or *Knight's Estate,* 261 Penn. St. 537, 539, in each of those decisions there is a dictum to the effect that this is an estate tax. See, however, *Fuller* v. *Gale,* 78 N. H. 544.

The provisions of § 208 of the act respecting "a just and equitable contribution" to one from whose share in the estate the tax has been collected "by the persons whose interest in the estate . . . would have been reduced" if the tax had been paid before distribution, or "whose interest is subject to equal or prior liability for the payment of taxes," afford no warrant for applying what may be thought in a special instance to be general equitable considerations in opposition to fixed principles as to the settlement of estates. That section is inapplicable to the facts here disclosed.

The further step follows inevitably from what has been said that the law makes no provision for apportionment of the tax among legatees, but leaves it simply to be paid out of the estate before distribution is made.

The will and codicils of the testator contain no direction respecting the payment of this tax. There is nothing written in any of these testamentary instruments which rightly can be construed as expressing the purpose of the testator on the subject. Although the last codicil was executed after the enactment of the federal taxing law, no reference is found therein touching the payment of the taxes imposed. So far as any inference may be drawn, it would seem to be that taxes were intended to fall where the law placed them. It is not permissible for us to speculate as to the existence of an intent to make a different provision from that provided by law in the absence of any expression of testamentary purpose on the subject. It is the general rule that, failing any testamentary provision to the contrary, debts, charges and all just obligations upon an estate must be paid out of the

residue of an estate. The benefaction conferred by the residuary clause of a will is only of that which remains after all paramount claims upon the estate of the testator are satisfied. *Tomlinson* v. *Bury,* 145 Mass. 346. The tax is a pecuniary burden or imposition laid upon the estate. *Boston* v. *Turner,* 201 Mass. 190, 193. In its nature it is superior to the claims of the residuary legatee. Since neither the act of Congress nor the will and codicils make any other provision for the point of ultimate incidence of this tax, it must rest on the residue of the estate. *Matter of Hamlin,* 226 N. Y. 407, 418, 419. Decree is to be entered instructing the executors accordingly.

*So ordered.*