# UNITED RAILWAYS AND ELECTRIC COMPANY OF BALTIMORE

*vs.*

## JACOB WINER ET AL.

*Security for Costs—Non-resident Assignee.*

That plaintiffs in an action, based on defendant's negligence, for the cost of repairing their automobile, and for the loss occasioned by their deprivation of its use during the making of repairs, assigned their claim, to a limited amount, to a non-resident indemnity company, did not entitle defendant, under Code, art. 24, sec. 9, to a rule security for costs, plaintiffs not being the assignees of such non-resident, and not standing in its place, and the company not being named as plaintiff on the record, and the case not being marked to its use.

*Decided December 4th, 1923.*

Appeal from the Superior Court of Baltimore City (DAW-KINS. J.).

Action by Jacob Winer and Frank Winer, co-partners trading as J. Winer & Son, against the United Railways and Electric Company of Baltimore. From a ruling denying a rule security for costs, defendant appeals. Affirmed.

The cause was argued before BOYD, C. J., THOMAS, PATTISON, URNER, STOCKBRIDGE, and OFFUTT, JJ.

*Wallis Giffen* and *J. Pembroke Thom,* for the appellant.

*Oliver Y. Harris,* for the appellees.

THOMAS, J., delivered the opinion of the Court.

The appellees, Jacob Winer and Frank Winer, co-partners trading as J. Winer & Son, brought suit on the 9th of February, 1923, in the Superior Court of Baltimore City against the United Railways and Electric Company, a corporation, to recover damages alleged to have been caused by the negligence of the defendant.

The declaration alleges that the automobile of the plaintiffs, while being driven in a careful and prudent manner, was "struck and run into by a car owned, leased and controlled by the defendant," and "being operated by the defendant, its agents, servants or employees, in a careless and negligent manner, * * * as a result of which the automobile of the plaintiffs was damaged, and the plaintiffs were put to great expense in having the necessary repairs made to said automobile and hiring another automobile in its place during the time said repairs were being made," &c. The plaintiffs claim in the *nar.* damages to the amount of $1,500.

The defendant appeared by counsel, and on the 24th of February filed the following interrogatories to be answered by the plaintiffs:

"1. What other party or parties not disclosed by the record, is or are financially interested, with the plaintiff of record, in the result of the trial of this cause?

"2. What is the extent of his or their interest, and when and how was it obtained?

"3. If his or their interest was obtained through a paper-writing state the date of such writing and produce the same, or a certified copy of the same; if unable so to do, state in substance the terms thereof, to the best of your knowledge and belief, and in whose possession the said paper is.

"4. If there was any consideration for the transfer of said interest to said party or parties, state the nature and amount thereof."

On the 1st of March the plaintiffs answered the interrogatories as follows:

"1.  The Employers Indemnity Corporation.

"2.  Two hundred and fifty dollars; (b) By assignment in writing.

"3.  Assignment dated January 18th, 1923, in possession of Employers Indemnity Corporation, provides that the said Jacob Winer and Frank Winer, co-partners, trading as J. Winer and Son, transfer and assign to the said Employers Indemnity Corporation, all claim to damages recovered against the above defendant, to the extent of $250.00.

"4.  Cash consideration of $250.00 paid on account of damage to automobile as a result of accident sued upon."

After the answers to the interrogatories were filed, the defendant filed a motion for a "rule security for costs" on the plaintiffs, and the rule was laid.  The defendant also filed a number of pleas and, on March 10th, the plaintiffs filed a motion to strike out the rule security for costs.  At the hearing of this motion the defendant proved by Thomas B. Keavney that he was the resident agent of the Employers Indemnity Corporation, and that said corporation was a corporation of the State of Missouri, with its principal office and place of business in Kansas City, Missouri.  On cross-examination the witness testified that said corporation had complied with the provisions of the Code authorizing it to do business in this State, and had filed a copy of its charter with the State Insurance Commissioner, &c., and that he was the duly appointed agent of said corporation in this State.  The court below sustained the motion of the plaintiffs to strike out the rule security for costs, and denied the rule, and from that ruling the defendant has brought this appeal.

The appellant relies upon chapter 382 of the Acts of 1900 (section 9 of article 24 of the Code), which provides:

"The defendant in any action may at or before the trial court have a rule on the plaintiff or plaintiffs to

give security for the payment of the costs and charges
which may be recovered against him or them in such
action if the plaintiff or plaintiffs, or any of them, is
not a resident or are not residents of this State at the
time the motion is made for such rule; provided, that
such rule shall be had only against a non-resident
plaintiff or plaintiffs, or against a resident plaintiff or
plaintiffs, who is an assignee or are assignees of or
stand in the place of a non-resident plaintiff or plain-
tiffs."

In his analysis of this section, the learned counsel for the
appellant contends, as stated in his brief, that a defendant is
entitled to the rule security for costs against: "(1) a non-
resident plaintiff or plaintiffs; (2) against a resident plain-
tiff or plaintiffs, who is or are assignee or assignees of a non-
resident plaintiff or plaintiffs; (3) against a resident plain-
tiff or plaintiffs standing in the place of non-resident plaintiff
or plaintiffs."

Even if we were to assume that that was the proper con-
struction of this section, and that the Employers Indemnity
Corporation could be regarded as a non-resident plaintiff, it
would fail to bring the plaintiffs in this case within the terms
of the statute.   They are not the assignees of the Employers
Indemnity Corporation, nor can they be said to stand in the
place of said corporation.   The plaintiffs' claim in their
declaration is not only for the entire cost of repairing their
automobile, but also for the loss they sustained by reason of
having been deprived of the use of the same during the time
such repairs were being made, while the assignment to said
corporation of the damages to be recovered against the de-
fendant is only to the extent of $250, the amount paid by it
to the plaintiffs "on account of damage to" their automobile.
In the case of *Fisher* v. *City Dairy Co.,* 137 Md. 603, this
Court said that "the measure of damages for injury to per-
sonal property, where the property has been damaged but not
entirely destroyed, is the cost of repairing the property, to-

gether with the value of the use of the property during the
time it would take to repair it."

Just what is the correct interpretation of, or the purpose
sought to be accomplished by, the proviso in the section
quoted, is not clear. It declares that a resident plaintiff
shall be subject to the rule only in case he is the assignee or
stands in the place of a "non-resident plaintiff." It is said in
6 *Words and Phrases,* p. 5397: "The word 'plaintiff,' in a
civil suit has as well a defined legal and technical meaning as
the word 'party to a suit.'" Black, in his *Law Dictionary,*
defines the plaintiff "as a person or party who brings an
action, who complains or sues any person in an action and is
so named on the record." Like definitions are given in 30
*Cyc.* 1636, which are in accord with the generally accepted
meaning of the term. The person in whose name the suit is
brought is regarded as the plaintiff, and if the case is marked
to the use of a third person, the *cestui qui use* is the equitable
plaintiff, and the person in whose name the suit is brought
becomes the legal plaintiff. Both are liable for the costs, and
if either is a non-resident he may be required to give the
security provided for in said section. Code, art. 26, sec 8;
2 *Poe, Pl. & Pr.,* sec. 212; *State, use of Fallon,* v. *Layman,*
46 Md. 190; *Ruddell* v. *Green,* 104 Md. 371; *Wilson* v. *Wil-
liams,* 106 Md. p. 672. The Employers Indemnity Corpora-
tion does not answer to any of these definitions. The suit was
not brought by it, it is not named as plaintiff on the record,
and the case is not marked to its use so as to make it an
equitable plaintiff.

Under section 1 of article 8 of the Code, the assignee of a
chose in action for the payment of money under an assign-
ment in writing may maintain an action thereon in his own
name, and where such an assignment is absolute and *bona
fide,* there would seem to be no more reason for requiring a
resident assignee who sues in his own name to give security
for costs than any other resident plaintiff. If the assignee
of such a chose in action brings suit in the name of his
assignor, and the case is marked to the use of the assignee,

they both become liable, as we have said, for the costs, and if either of them is a non-resident, the non-resident legal or equitable plaintiff may be required to give security for such costs.   On the other hand, the assignee of a chose in action for tort must sue in the name of his assignor, and if the assignor is a non-resident, he can be required to give security for costs under the first part of section 9 of article 24 of the Code.   1 *Poe, Pl. & Pr.*, sec. 432.

If the Legislature had intended to make a resident plaintiff subject to the rule in question whenever a non-resident has any interest in the result of the suit, however slight that interest may be, it could have said so in plain terms.   But whatever may have been the purpose of the proviso in question, or may be its true construction, the plaintiffs in this case are not within the language employed, and we must therefore affirm the ruling from which this appeal was taken.

*Ruling affirmed, with costs.*