No. 32,875

The Central Trust Company et al., *Appellees*, v. Josephine · Burrow et al., *Appellants*.

(58 P. 2d 469)

Opinion filed June 6, 1936.

*Hugh MacFarland,* of Topeka, for the appellants.

*Clayton Kline, J. L. Hunt, Margaret McGurnaghan, John H. Hunt* and *George M. Brewster,* all of Topeka, for the appellees.

The opinion of the court was delivered by

Burch, C. J.: The action was one by trustees under a will, for instruction respecting incidence of the federal estate tax. From a decision that the residuary estate should bear the tax, certain residuary legatees appeal.

In February, 1931, J. R. Burrow gave his son, Randall Burrow, a half interest in certain shares of bank stock and trust-company stock, and in July, 1931, the donor gave the donee the other half interest in the shares. J. R. Burrow died testate, September 30, 1931. His will provided that after payment of debts certain specific legacies should be paid. The will then created five separate trusts for grandchildren, and created a charitable trust. The residue of the estate was then devised to trustees for certain beneficiaries whose interests were specified. Randall Burrow was a beneficiary under the residual trust.

The federal estate tax was computed on the estate of J. R. Burrow as including the gifts to Randal Burrow, held to have been made in contemplation of death. The executors, who were also trustees,

paid the federal estate tax out of the residuary estate. What the trustees wanted to know was, whether the portion of the federal estate tax, computed on the gifts, could be "allocated" so that Randall Burrow would pay it.

It is contended the shares of stock did not constitute a part of the estate of J. R. Burrow at his death, did not go to his executors for administration, were not subject to payment of debts and expenses of administration, and it would be unjust to make the residuary estate pay the tax. So far as relation of the gifts to the Burrow estate is concerned, the situation was essentially the same as if the first specific legacy in the will had been gift of the shares to Randall Burrow. However, whether just or unjust, the federal law laid the tax on the Burrow estate.

In the opinion in the case of *Y. M. C. A. v. Davis*, 264 U. S. 47, 44 S. Ct. 291, the will of a testatrix contained a number of specific legacies and devises, and gave the residue of her property to the Young Men's Christian Association of Columbus, Ohio, and other charities. The executor paid the federal estate tax, and then asked direction of the court as to whether the tax should be deducted from the amounts which were about to be distributed to the specific legatees and devisees, or from the residuary estate given to the charities named. In the opinion the court said:

"What was being imposed here was an excise upon the transfer of an estate upon death of the owner. It was not a tax upon succession and receipt of benefits under the law or the will. It was death duties as distinguished from a legacy or succession tax. What this law taxes is not the interest to which the legatees and devisees succeeded on death, but the interest which ceased by reason of the death. (*Knowlton v. Moore,* 178 U. S. 41, 48, 49.)

⋅ ⋅ ⋅ ⋅ ⋅ ⋅ ⋅ ⋅ ⋅ ⋅ ⋅ ⋅ ⋅

"It was wholly within the power of the testatrix to exempt her altruistic gifts from payment of the tax by specific direction to her executor, if she chose. It must be presumed when she failed to exercise the power, that she intended the incidence of the tax to be where otherwise by law it must be." (pp. 50, 51.)

In the administration of an estate such as the Burrow estate, having ample funds, the bequests made in the will are all satisfied in full, and the tax is paid out of the residuum. As indicated in the case of *Y. M. C. A. v. Davis*, the testator, who was presumed to know the law, might have provided by his will that the tax should be charged against the share in the residuum of the beneficiary of the gifts. The testator did not do that, and so far as the will is concerned, the federal law and the will govern.

So far as the federal government is concerned, burden of the tax on residue might be lifted and placed on beneficiaries by state law, but there is no such statute in this state. There is a statute which apportions state inheritance taxes among legatees, but the statute is silent as to federal taxes, and the district court had no power to enlarge the statute.

There are some New Hampshire cases holding that unless otherwise directed by will, the federal tax is to be paid out of the estate and charged, pro rata, to each beneficiary. In the case of *Williams v. State*, 81 N. H. 341, 125 Atl. 61, it was said:

"If the will is silent upon the subject it can be inferred the testator in this respect wished his property distributed as if no will had been made." (p. 355.)

This reasoning is not approved. J. R. Burrow did not desire that any of his estate should be distributed as if no will had been made. He made a will to be carried out as written. What he did by will was to let the burden of the federal estate tax lie where it fell, and the district court was without authority to revamp the will or the law and advise the executors to recoup the residual estate by charging the tax to Randall Burrow's interest in the residuum.

The case of *Gaede v. Carroll*, 114 N. J. Eq. 524, 169 Atl. 172, is cited. The syllabus reads:

"3. *Held,* the estate of testator is entitled to reimbursement from the widow for federal inheritance taxes paid out of the estate on proceeds of life insurance policies paid directly to her and on property held by the widow and testator, in his lifetime, as tenants by the entireties, in the absence of a specific direction in the will that these taxes be paid out of the residue."

The syllabus does not adequately disclose the true character of the ruling. As indicated, two subjects were involved: First, reimbursement for certain taxes on proceeds of life insurance policies, a matter covered by federal law. Concerning that subject the opinion reads:

"The federal statute specifically provides for reimbursement by the beneficiary of life insurance policies to the executor for taxes paid, and the will in the instant case cannot be said to impose this tax upon the residuary estate." (p. 533.)

The second subject was an estate by the entirety. The will contained a clause specifying what the widow would take tax free, and the estate by the entirety was not specified. Concerning the second subject the opinion reads:

"So that, without deciding what the result might be if there were no expres-

sion in the will, we conclude that the executor is entitled to reimbursement from the widow for the tax in question under the provision in the ninth clause of the will." (p. 533.)

In this case the will contained no provision of any kind relating to taxes.

In the case of *Plunkett v. Old Colony Trust Co.*, 233 Mass. 471, 124 N. E. 265, it was held the federal tax is an estate tax and not a legacy or succession tax, and when the will of a testator makes no provision in regard to payment of the tax, it must be paid out of the residue of the estate. In the opinion by Chief Justice Rugg it was said:

"The further step follows inevitably from what has been said that the law makes no provision for apportionment of the tax among legatees, but leaves it simply to be paid out of the estate before distribution is made.

"The will and codicils of the testator contain no direction respecting the payment of this tax. There is nothing written in any of these testamentary instruments which rightly can be construed as expressing the purpose of the testator on the subject. Although the last codicil was executed after the enactment of the federal taxing law, no reference is found therein touching the payment of the taxes imposed. So far as any inference may be drawn, it would seem to be that taxes were intended to fall where the law placed them. It is not permissible for us to speculate as to the existence of an intent to make a different provision from that provided by law in the absence of any expression of testamentary purpose on the subject. It is the general rule that, failing any testamentary provision to the contrary, debts, charges and all just obligations upon an estate must be paid out of the residue of an estate." (p. 475.)

In the case *Matter of Hamlin*, 226 N. Y. 407, 124 N. E. 4, a will disposed of articles of personal property, and made various bequests. The residue of the estate was devised to trustees for named beneficiaries. The executors of the will paid to the legatees the amount of the legacies after deducting from each legacy the amount of the state inheritance tax, pursuant to state law, and the proportionate amount of the federal estate tax. Objections were made by the legatees to deduction of the federal tax, litigation ensued, and the case finally reached the New York Court of Appeals. The syllabus reads:

"The act of congress in force at the time of the death of the testatrix (Internal Revenue Law of September 8, 1916, chapter 463, designated under the title 'Estate Tax'; 6 U. S. Compiled Statutes, 1916, ch. 10A, p. 7364, § 6336½a, and following) imposes an 'estate tax' as distinguished from an inheritance tax, and such tax is payable by the estate rather than by the legatees."

The opinion contains a history of the federal legislation and a careful analysis of the statute under interpretation. In the opinion it was said:

"To hold that the congress by the language of the sections referred to intended by implication to provide that the tax imposed by the act was one upon legacies, the tax to be paid by legatees, would not only violate the clearly expressed intention of the congress, but require us to ignore the historical facts surrounding consideration of the measure by the congress." (p. 418.)

The opinion concluded as follows:

"As to the equity of requiring payment of the tax by the residuary legatees and relieving the remaining legatees from any contribution to the same, the question is susceptible of conflict of opinion. The congress has spoken and it is our function to interpret, not to legislate." (p. 420.)

Five years later, the same court decided the case, *Farmers' L. & T. Co. v. Winthrop*, 238 N. Y. 488, 144 N. E. 686. The case was strictly analogous, in principle, to the one now under consideration. Before executing her will, a testatrix transferred property of great value in trust to a trustee, to apply income to use of the donor for life, remainder after death to certain beneficiaries. The donor reserved right to revoke the trust, but did not do so, and the question was, who should pay the federal estate tax on the trust estate, not a part of the estate of the testatrix, but passing at her death. It was contended the executor of the will should be reimbursed by the trust estate for federal estate taxes paid by the executor in respect to the trust estate.

The case was presented by counsel of great eminence. The opinion was written by Lehman, J., and was concurred in by Hiscock, C. J., Cardozo, Pound, McLaughlin, Crane and Andrews, JJ.—all of them most distinguished judges. There is space here for a portion of a paragraph of the syllabus only:

"4. The statute explicitly directs that 'so far as practicable and unless otherwise directed by the will of the decedent, the tax shall be paid out of the estate before distribution.' It is practicable to adopt this method of payment in regard to that portion of the tax which is imposed because the net estate included property which the decedent transferred under a revocable deed of trust to take effect in possession or enjoyment at her death, where she has left a residuary estate after the payment of all specific bequests more than sufficient to pay the entire tax, and, the will in suit not containing any direction as to payment of any tax on property which does not pass thereunder, it follows that the executor is bound to pay the entire federal estates tax without right to reimbursement." (p. 489.)

This court regards the views expressed by the Massachusetts court and the New York court as sound. The district court of Shawnee county held according to those views, and its judgment is affirmed.