[L. A. No. 2266.   Department Two.—January 14, 1909.]

In the Matter of the Estate of CHRISTINA BENNER, Deceased.   GENEVIEVE HAPP SCHROEDER, Appellant, v. MARTIN HAPP, Respondent.

WILL—DEVISE—SALE OF LAND BEFORE DEATH OF TESTATOR.—A devise of land, whether special or general, is revoked, under section 1304 of the Civil Code, by a sale of the land before the death of the testator.

ID.—APPEAL FROM DECREE OF DISTRIBUTION—BILL OF EXCEPTION—NON-APPEARANCE IN LOWER COURT.—A person claiming to be entitled to distribution of the estate of a deceased person, as devisee, legatee, or heir at law, is entitled to appeal from the decree of distribution, and to have a bill of exceptions thereon, embodying the pertinent evidence offered at the hearing, notwithstanding he may not have appeared in person in advocacy of or opposition to the matter pending for determination.

APPEAL from a decree of the Superior Court of Los Angeles County distributing the estate of a deceased person. James C. Rives, Judge.

The facts are stated in the opinion of the court.

Isidore B. Dockweiler, for Appellant.

Hutton & Williams, for Respondent.

HENSHAW, J.—Christina Benner died, leaving a will which was admitted to probate. The first clause of the will, over which the present controversy arises, is as follows: "I do hereby name my sisters and brothers as my heirs to my property, consisting of house and lot No. 154 W. Jefferson St., to be equally divided among them share and share alike after all my expenses are paid." Attached to the will by mucilage or like substance was a writing signed by Christina Benner to the following effect: "In foregoing 'will' I have made certain dispositions concerning properties located at No. 154 W. Jefferson St. I have since sold said property, nevertheless the money obtained shall be equally divided as stated in will. The properties was sold to Lorena Montgomery, August 22, 1902." This writing, while testamentary in character, was not executed with the formalities required of a

will, or codicil, and was not admitted to probate. The executor in due course petitioned for a distribution of the estate to the persons entitled thereto. Thereupon Martin Happ, the father and sole heir at law of the deceased, petitioned for distribution to himself. The court held, that under section 1304 of the Civil Code, the first clause of the will above quoted was a special devise which was revoked by the subsequent sale of the property devised, and that there being no residuary legatee or devisee under the will, the property undisposed of descended to the father as heir at law.

The appellant, Genevieve Happ Schroeder, is a sister of the deceased and one of those entitled to share as devisee under the first clause of the will. She did not appear at the hearing of the petition for distribution, but here presents her appeal, supported by a bill of exceptions, contending that the testatrix's intent was, and was legally expressed, that the moneys derived from the sale of the land should be distributed as would have been the land.

It is first urged by respondent that upon this appeal appellant is not entitled to a bill of exceptions, and that the bill of exceptions actually settled by the court should not here be considered. In this respect an analogy is sought to be drawn between the case of a devisee, heir at law, or distributee who fails to make personal appearance upon such a hearing, and that of a defaulting defendant in a civil action, as to which latter it is held that he has no right to move for a new trial, because no issue on the facts has been raised by him, and therefore he would not be entitled to a bill of exceptions or statement. We hold, however, that in cases of this character an appellant in every proper case is entitled to his bill of exceptions, and that without the necessity of first appearing in person in advocacy of or opposition to the matter pending for determination. Usually the record, in its nature a judgment-roll, will be sufficient without a bill of exceptions, but wherever the determination has depended wholly or in part upon facts established by evidence, so much of that evidence as is pertinent the appellant may have embodied in his bill.

Upon this appeal, in support of her position, appellant relies very strongly upon the matter above quoted, found in the writing not admitted to probate. But the bill of exceptions

itself establishes that not only was this writing not admitted to probate, but that it was not even admitted in evidence at all. Indeed, it may be added, that it doubtless would have been excluded if offered, since, being testamentary in its character and not executed with the formalities required, it could not have been properly received.

The case then presented is one of a devise of land, it mattering not whether the devise being considered special or general, and a sale of that land before the death of the testator. Such a sale being wholly inconsistent with the devise, operates as a revocation of it, as contemplated by section 1304 of the Civil Code. (*Ametrano* v. *Downs,* 170 N. Y. 388, [88 Am. St. Rep. 671, 63 N. E. 340]; *Brown* v. *Thorndike,* 32 Mass. 388; *Hattersley* v. *Bissett,* 51 N. J. Eq. 597, [40 Am. St. Rep. 532, 29 Atl. 187].)

The decree appealed from is therefore affirmed.

Lorigan, J., and Melvin, J., concurred.