[Civ. No. 3714. Third Appellate District.—March 12, 1929.]

In the Matter of the Estate of MARY QUINN McLAUGHLIN, Deceased. HELEN HARVEY HOLM, Appellant, v. J. D. McLAUGHLIN et al., Respondents.

White, Miller, Needham & Harber for Appellant.

McLaughlin & McLaughlin, H. Nelson French, Ralph H. Cowing, John A. McGilvray and Robert H. Schwab, *in pro. per.*, for Respondents.

THOMPSON (R. L.), J.—This is an appeal by Helen Harvey Holm, a niece of the deceased, from a decree of distribution.

Upon the death of Alice Quinn Harvey, who was a sister of this deceased and the mother of appellant, her estate was

probated. By means of an omnibus clause in the decree of distribution in that estate Mary Quinn McLaughlin received an undivided one-eighth interest in the west one-half of lot 6 of the block bounded by O, P, Tenth and Eleventh Streets, in the city of Sacramento, together with the sum of $99.91 in cash. Subsequently Mary Quinn McLaughlin executed an holographic will among the terms of which she devised and bequeathed "To Helen Harvey all my interest in and to that certain property left me as a part of the Alice Quinn Harvey Estate." It was stipulated that subsequent to the acquiring of this interest in the Harvey estate and subsequent to the execution of her will, Mary Quinn McLaughlin sold and conveyed her interest in the real property for the sum of $2,484.13, which proceeds, together with said sum of $99.91 cash, was mingled with the funds of the estate of this deceased. Upon distribution of the estate of Mary Quinn McLaughlin, on the theory that the foregoing devise and bequest of her interest in the property of the Harvey estate was adeemed by the subsequent sale and mingling of the proceeds thereof with the common funds of her estate, the probate court distributed this property to the heirs pursuant to section 1386 of the Civil Code. From that decree this appeal is prosecuted.

The bequest in the present case was specific in its nature. (Sec. 1357, Civ. Code; 28 R. C. L. 345, sec. 341.) It included the testatrix's entire interest in both the real and personal property which was derived from the Harvey estate. In determining whether a legacy or bequest is specific the same test is applied whether the gift consists of real or personal property (*Estate of Painter*, 150 Cal. 498 [11 Ann. Cas. 760, 89 Pac. 98]; *Estate of Bernal*, 165 Cal. 223, 230 [Ann. Cas. 1914D, 26, 131 Pac. 375]). The entire interest of the testatrix in the Sacramento lot, having been sold by her and conveyed to strangers, subsequent to the execution of her will, and the proceeds thereof having been mingled with the general assets of the estate, the bequest must be deemed to have been abrogated. (*Estate of Benner*, 155 Cal. 153 [99 Pac. 715]; 2 Alexander on Wills, 1084, sec. 744; 2 Page on Wills, 2d ed., 2211, sec. 1329; 1 Woerner on Law of Administration, 146, sec. 53.) In the event of such sale of real estate, in the absence of language in the will which authorizes a sale or specifically bequeaths the proceeds of such sale, the devisee is not entitled

to the proceeds, for the reason that the sale completely divests the testator of all interest in the property originally bequeathed. To be permitted to resort to the proceeds of such sale in the absence of specific authority would amount to the converting of a specific devise into a general legacy. (Thompson on Wills, 382, sec. 434; 2 Page on Wills, *supra*, sec. 1331; *Ametrano* v. *Downs*, 170 N. Y. 388 [88 Am. St. Rep. 671, 58 L. R. A. 719, 63 N. E. 340].) In Thompson on Wills, *supra*, it is said: "A distinction exists between the bequest of a thing in specie and the bequest of its proceeds; in the one case the sale of the article will work an ademption, in the other it will not."

In 2 Page on Wills, *supra*, section 1336, it is said: "If the terms of the will show that testator contemplates some change in the form of the gift, or even a sale and reinvestment of the proceeds, and that he intends to pass the proceeds, or the property in which the proceeds are reinvested, to the original beneficiary full effect will be given to such provision," otherwise the bequest is revoked.

In the case of *Ametrano* v. *Downs, supra,* the court says: "Had the deceased voluntarily alienated her property by deed, it is entirely clear under the authorities in this state that the devisee would have no claim to the proceeds of sale" (citing authorities). "If a testatrix devises real estate, and sells the same before the will takes effect, the proceeds of the sale will become personal property, and no court can substitute the money received by the testatrix for the land devised. . . . When the testator converted real estate, which he had devised as such, into personalty, or converted the subject of a specific bequest of personal property into real estate, there was a revocation of the will or an ademption of the bequest. . . . The correctness of this doctrine has never been challenged."

Under circumstances like those which exist in the present case, the intention of the testatrix to specifically bequeath the proceeds of the sale of real property must be shown by the terms of the will, or she will be presumed to have revoked the bequest.

The testatrix also received $99.91 in cash from the Harvey estate, which was mingled with the general assets of her estate and its identity was thereby lost. This had the effect of adeeming the bequest of that portion of the Harvey estate which was represented by cash. (*Estate of*

*Babb,* 200 Cal. 252, 257 [252 Pac. 1039] ; 28 R. C. L. 345, sec. 341; 2 Page on Wills, 2208, sec. 1327.) *Husly* v. *Curtiss,* 36 Colo. 464 [85 Pac. 846], is authority for holding that a specific bequest of the proceeds of a certain life insurance policy was adeemed by the subsequent collection of the money by the testator who mingled the funds with other assets of the estate.

By the terms of the decree from which this appeal was taken, the undivided one-fourth interest in the property known as the Quinn Building, located on lot 8, at I and J, Fourth and Fifth Streets, in Sacramento, California, was distributed to the appellant. It is conceded that she was entitled to one-fourth of the accrued rent from this property which aggregated the sum of $838.37. By mistake only one-sixth of this sum was distributed to the appellant. The decree should be and is hereby modified so as to give to the appellant her proper proportion of said accrued rent, which is the sum of $209.59.

It is also conceded that the appellant was entitled to have distributed to her the additional one-sixteenth undivided interest in and to the east 38 feet of the south 79½ feet and the east 31½ feet of the north 80½ feet of lot 10 in that block bounded by K and L, Twelfth and Thirteenth Streets, in the city of Sacramento, California. This was omitted from the decree of distribution, which should be and is hereby modified and amended accordingly.

As hereinbefore modified, the judgment is affirmed.

Plummer, J., and Finch, P. J., concurred.