PETER A. ISAACSON, executor, *vs*. BOSTON SAFE DEPOSIT
AND TRUST COMPANY, trustee.

Suffolk.   October 6, 1949, February 1, 1950. — March 8, 1950.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Jurisdiction*, Foreign statute, Of trust.   *Taxation*, Apportionment of tax
 burden, Federal estate tax.   *Executor and Administrator*, Taxes.   *Trust*,
 Taxes.

A statute of the State of Maine providing for apportionment of the burden
 of Federal estate taxes could not fasten a liability for a part of the tax
 assessed with respect to the estate of a decedent domiciled in that
 State upon the trustee of an inter vivos trust created by the decedent
 and exclusively subject to the jurisdiction of Massachusetts, the only
 connection of which with Maine was that the value of the trust prop-
 erty was included by the Federal tax authorities in the decedent's
 gross estate for the purposes of the tax.
Without the aid of a statute an executor is not entitled to apportionment
 of the burden of the Federal estate tax as against persons whose interests
 have been included by the Federal tax authorities in the decedent's
 gross estate for the purposes of the tax.

BILL IN EQUITY, filed in the Superior Court on Febru-
ary 6, 1947.

The suit was heard by *Smith*, J.   The defendant appealed
from a final decree in the plaintiff's favor.

*J. E. Rogerson*, (*L. F. Eaton, Jr.*, with him,) for the de-
fendant.

*Lee M. Friedman*, (*P. D. Turner* with him,) for the plaintiff.

QUA, C.J.   This is a bill in equity for declaratory relief
brought by the executor of the will of Guy L. Smith, late of
Auburn in the State of Maine, against the present trustee of
a trust created by Smith while he resided in Massachusetts.
The object of the suit is to charge the defendant as trustee
with a pro rata share of the Federal estate tax assessed upon
Smith's estate based upon the inclusion by the Federal tax
authorities of the trust fund in Smith's gross estate for the
purposes of the tax.   The plaintiff is both executor of

Smith's will in Maine and ancillary executor in this Commonwealth.

Smith created the trust by indenture dated July 17, 1930, whereby he assigned to the defendant's predecessor trustee certain money, property, and securities in trust to pay the income therefrom to Smith during his life, thereafter to his widow for her life (with power also to make to her any necessary payments from the principal), and upon the decease of the survivor of himself and his widow to pay small sums to certain charities and the remainder of the fund to the parents of Smith or the survivor of them, or if both should have deceased, to Smith's heirs at law. Smith reserved to himself the right at any time to alter, amend, or revoke the indenture and to "withdraw" any portion or the whole of the trust property.

Smith's will, dated January 12, 1943, gave his entire estate in trust for the benefit of his widow and her sister successively until the decease of the survivor of them, and provided for the distribution of the principal then remaining among certain charities.

Smith died January 10, 1944. His will was allowed in Maine March 14, 1944. He left a substantial estate in Maine. The value of the inter vivos trust fund at Smith's death, as adjusted, was $132,165.71. This and the proceeds of a life insurance policy payable to the widow, when added to the Maine property, brought the "gross estate" upon which, after allowable deductions, the Federal tax was calculated to nearly $620,000. On April 9, 1945, the plaintiff paid on account of the tax $87,154.74. On May 12, 1945, he made an additional payment of $12,875.69. The commissioner of internal revenue has assessed a further sum of $19,859.64, which at the time of the decree in the court below was in dispute in the Tax Court. Smith left no assets in Massachusetts except the "claim" which his executor makes in the present suit.

On July 21, 1945, a statute of Maine, being c. 269 of the Acts of 1945, took effect. That statute added §§ 39–A to 39–E, inclusive, to c. 142 of the Revised Statutes of Maine.

These sections provided in substance, omitting words and qualifying phrases not pertinent to this case, that whenever an executor had paid or might be required to pay an estate tax under the provisions of any estate tax law of the United States with respect to any property required to be included in the gross estate of a decedent under any such law, the amount of the tax so paid or payable should "be equitably apportioned and prorated among the persons interested in the estate" in proportion to the value of their respective interests. Taxes with respect to both temporary interests and remainders in a trust fund were to be payable out of corpus. The expression "persons interested in the estate" was defined as including all persons who had received or might be entitled to receive any property, benefit, or interest required to be included in the gross estate of a decedent, whether under a will or intestacy or by reason of any transfer or trust. It was provided that, where any property required to be included in the gross estate did not come into the possession of the executor, he should be entitled to recover the proportionate amount of the tax from the fiduciary in possession of a trust or the persons interested in the estate. There were provisions for contribution by any person who should have paid less than his proportionate share to any person who should have paid more than his proportionate share.

This statute was repealed by c. 220 of the laws of 1947, effective August 13, 1947. The repealing statute, however, contained a provision preserving rights and remedies existing by virtue of the repealed statute.

From a decree for the plaintiff charging the defendant with such proportion of the Federal estate tax upon the estate of Smith as the value of the trust fund bears to the total net estate the defendant appeals.

The parties have stipulated that if any tax apportionment statute is applicable to this proceeding such statute is the now repealed statute of Maine, hereinbefore summarized. The parties have therefore excluded from consideration G. L. (Ter. Ed.) c. 65A, §§ 5 and 5A, as appearing respectively in St. 1948, c. 605, §§ 1 and 2, probably for the

reason that these sections apply only where a decedent is an inhabitant of this Commonwealth, but see also § 3 of the 1948 act.

It has been argued that the Maine statute should not be construed as applying "retroactively" in the case of a decedent who died before it took effect, and that, if so applicable, it was unconstitutional. But we are unable to see how resort can be had to it here for a more fundamental reason. The trust upon which it is now sought to fasten a liability by virtue of a statute of Maine was created by the decedent while he was a resident of Massachusetts. The original trustee was a national bank located in this Commonwealth, and the present trustee is a corporation of this Commonwealth. The trust indenture was acknowledged in this Commonwealth. By fair inference from the facts agreed it appears that the indenture was delivered in this Commonwealth, and that the trust property was then and has since remained here. It is apparent that the trust owes its validity to the law of this Commonwealth. All rights of the beneficiaries of the trust are derived from our law. The trust is from every point of view a Massachusetts trust. The laws of Maine never had anything to do with it. The trustee has done nothing by which it has submitted itself to the jurisdiction of Maine. The persons who succeeded to Smith's interest in the trust upon his decease did so not through the laws of Maine but according to the terms of the trust as previously established under Massachusetts law. The fact that Smith was a resident of Maine when he died is of no consequence. His interest in the trust ceased upon his death. The trust fund did not become part of his estate in Maine or anywhere else. The only possible connection between this trust and the State of Maine which we are able to discover is that the Federal government in imposing an estate tax has seen fit to aggregate the probate estate in Maine and the trust fund in Massachusetts into a single "gross estate." We cannot see how this circumstance gives power to either State to impose by statutory fiat liabilities upon the fiduciary or the property under the exclusive jurisdiction of the other State.

The Federal government could have provided for apportionment of the tax, and did so in certain particulars not reaching the question in this case. U. S. C. (1946 ed.) Title 26, § 826 (b), (c), and (d). But for the most part apportionment was left to the States. *Riggs* v. *Del Drago*, 317 U. S. 95. Of course the failure of the Congress to provide for complete apportionment gives no extraterritorial effect to State statutes. It seems to us that to apply the Maine statute in this case would be to give to that statute extraterritorial effect contrary to first principles. See Restatement: Conflict of Laws, §§ 47–49; *Howarth* v. *Lombard*, 175 Mass. 570, 572–573; *Mandell Brothers* v. *Fogg*, 182 Mass. 582; *Walsh* v. *Boston & Maine Railroad*, 201 Mass. 527; *Pennoyer* v. *Neff*, 95 U. S. 714, 720, 723; *Huntington* v. *Attrill*, 146 U. S. 657, 669–670; *New York Life Ins. Co.* v. *Head*, 234 U. S. 149, 160–161; *Home Ins. Co.* v. *Dick*, 281 U. S. 397, 407–408, 410; *Magnolia Petroleum Co.* v. *Hunt*, 320 U. S. 430, 436–437; *Treichler* v. *Wisconsin*, 338 U. S. 251, 256–257; *Siegmann* v. *Meyer*, 100 Fed. (2d) 367. Compare *Young* v. *Masci*, 289 U. S. 253; *Broderick* v. *Rosner*, 294 U. S. 629. There is nothing to the contrary in *New York Trust Co.* v. *Brewster*, 241 Mass. 155. In that case the defendants, while residents of New York, acquired an interest in the estate of a New York decedent, which interest carried with it a liability under a statute of New York. It was held that the existing liability followed the defendants and the property into this Commonwealth. The case is clearly distinguishable.

We are aware that in certain lower courts of New York to whose views, because of their intrinsic soundness, we often give respectful attention, a doctrine seems to have been evolved under which it is or has been held that the apportionment statutes of the State of residence of a decedent will be applied in other States.[1] However, we have

---

[1] *Application of Chase National Bank*, 55 N. Y. Sup. (2d) 470. *Application of Chase National Bank*, 59 N. Y. Sup. (2d) 848. *Central Hanover Bank & Trust Co.* v. *Peabody*, 190 Misc. (N. Y.) 66. *In re Dommerich's Estate*, 74 N. Y. Sup. (2d) 283. *In re Bernie's Estate*, 74 N. Y. Sup. (2d) 887. *In re Cronise's Estate*, 167 Misc. (N. Y.) 310.

seen no case in which the reasons for this doctrine have been ·discussed or its foundations examined. So far as we have seen it rests upon nothing more satisfactory than repeated assertion. The reasoning in the recent authoritative decision in *Matter of Buckman*, 270 App. Div. (N. Y.) 707, affirmed 296 N. Y. 915, certiorari denied sub nomine *Kay* v. *MacCormack*, 332 U. S. 763, seems opposed to it. If the doctrine is supposed to be founded upon comity in the settlement of estates by analogy to the common law rule that personal property of a decedent devolves according to the law of his domicil, it goes so far beyond the common law rule that we do not feel authorized to accept it as a permissible application of that rule.

It must be regarded as settled in this Commonwealth that without the aid of statute the executor is not entitled to apportionment of the Federal estate tax as against others whose interests have been gathered into the gross estate. *Plunkett* v. *Old Colony Trust Co.* 233 Mass. 471. *Taylor* v. *Jones*, 242 Mass. 210, 213. *Dexter* v. *Jackson*, 245 Mass. 333, 336–337. *Bemis* v. *Converse*, 246 Mass. 131. *Pratt* v. *Dean*, 246 Mass. 300, 305. See *Merchants National Bank* v. *Merchants National Bank*, 318 Mass. 563, 569–571. This appears to be in accord with the great weight of authority elsewhere. See Paul, Federal Estate and Gift Taxation, § 13.54.

It follows that the decree must be reversed and that a decree must be entered declaring that the executor is not entitled to apportionment of the Federal estate tax as against the trustee.

*So ordered.*