In re VAN DUYNE'S ESTATE.
NELSON v. VAN DUYNE.

No. 34286. Nov. 6, 1951.

*239 P. 2d 387.*

Lloyd R. Lowry, Weatherford, and Geo. M. Nicholson, Oklahoma City, for plaintiff in error.

Milton Keen, Clinton, for defendant in error.

JOHNSON, J. This is an appeal by plaintiff in error, Frank James Nelson, from a portion of an order for the distribution of the estate of Jennie E. Van Duyne, deceased, wherein the district court of Custer county, Oklahoma, in a probate proceeding appealed from the county court, reversed in part, the order of distribution of the county court.

On August 9, 1949, Walter J. Van Duyne petitioned the county court for probate of the will of Jennie E. Van Duyne describing the assets of her estate as money on deposit in the Security State Bank at Weatherford, Oklahoma, of approximately $6,700 and asserting that deceased left a will, the pertinent parts of which provided:

"3. I give and devise to my son, Frank James Nelson, the house and lots which is now my home, being Lots 8 & 9, in Block 56 in the original town of Weatherford, said county and state, but not the contents of said house, nor the furniture nor the personal effects.

" . . .

"6. All the rest and residue of my property, real and personal, of every kind and wherever situated, . . . I devise and bequeath to my son, Walter J. Van Duyne, absolutely free and clear of any conditions or restrictions whatever. I have perfect confidence that my said son, Walter J. Van Duyne, will properly share my personal effects with my son, Frank James Nelson; but I make no requirements nor restrictions on this whatsoever.

"7. I hereby appoint and designate my son, Walter J. Van Duyne, sole executor without bond of this my last will and testament."

Thereafter an inventory was filed stating that the assets of the estate, inter alia, consisted of $6,762.84, which belonged to the deceased at the time of her death.

Thereafter, the executor, Walter J. Van Duyne, filed his final account, listing as assets of the estate, a one-third mineral rights in SW¼ of section 34-13-14, Custer county, Oklahoma, and $6,676.51. In the final account he stated:

"That said Will of said Jennie E. Van Duyne provided that Lots 8 & 9, in Block 56, in the original Town of Weatherford, in Custer County, Oklahoma, be devised and given to her son, Frank James Nelson. That after the execution of said Will, and before her death, the said Jennie E. Van Duyne sold and conveyed said Lots 8 & 9, above described, to other parties not connected with said estate; and that thereby, said devise to said Frank James Nelson adeemed. That said Lots 8 & 9 never came into the hands of this executor, and were not, and are not a part of said real estate."

In the petition for distribution, the executor said:

" . . . That as stated in said Final Account, the gift and devise to said

Frank James Nelson has adeemed. That under the terms and provisions of said Will, all of the rest and residue of the property and money belonging to the estate of decedent, and now in the hands of said executor, is given, bequeathed, and devised to said Walter J. Van Duyne, . . . ."

Thereafter Frank James Nelson filed verified objections to the proposed distribution, in which he alleged:

"1. That he is the son of Testatrix, Jennie E. Van Duyne, and a beneficiary under her will, he having been devised certain realty, namely:

"All of lots 8 & 9 in Block 56, Original Town of Weatherford, Custer County, State of Oklahoma.

"2. That Executor, Walter J. Van Duyne, also a son of testatrix and a beneficiary under her said will, claims in his petition for distribution that the above described real property, having been conveyed by testatrix prior to her death, constitutes ademption of the devise above set out, and that subject matter of said devise in its changed form should be distributed to him as the residuary legatee.

"3. That said described real property was conveyed by said Jennie E. Van Duyne, testatrix, during her lifetime, at the suggestion of the devisee thereof, Frank James Nelson aforesaid, after conference with the said executor, Walter J. Van Duyne, who readily consented thereto, and that said property was sold for the purpose of providing room, board and nursing and medical service for said testatrix during her last illness, it being understood by all parties concerned that the remainder of the proceeds of the sale of said property, upon the death of said testatrix, would go to said Frank James Nelson.

"4. That of the proceeds of the sale of said property there remains in the bank a balance of $6,000.00, that said balance represents a part of the proceeds of the sale of the property and is the same subject matter in a changed form of the property devised by said will to said Frank James Nelson and properly belongs to him.

"Wherefore Frank James Nelson, the objector herein, prays that the court decree to him the said bank balance of $6,000.00."

The cause upon this issue was submitted to the county court which found and ordered that the proceeds from the sale of lots 8 and 9 in block 56 in the town of Weatherford belonged to Frank James Nelson and ordered the payment thereof to him.

The executor appealed from that order on the grounds:

"(1) That the devise and gift to Frank James Nelson contained in said Will is a special devise and gift, and that the same was revoked and adeemed by the sale, disposal and alienation of said property by testatrix during her lifetime.

"(2) That distribution of said money should be made under said residuary clause of said Will to Walter J. Van Duyne.

"(3) That distribution of said money to said Frank James Nelson is contrary to law.

"(4) That refusal to distribute said money to said Walter J. Van Duyne is contrary to law."

Upon trial in the district court the parties stipulated:

" . . . it is hereby agreed and stipulated by and between the parties, Frank James Nelson and Walter J. Van Duyne, and their attorneys, as follows:

"1. The relationship between testatrix, Jennie E. Van Duyne, and her two sons, Frank James Nelson and Walter J. Van Duyne, or between her and either of them, did not change between the time of making her will and the date of her death.

"2. That Jennie E. Van Duyne died in August of 1948, and at the time of her death, had a cash deposit in the Security State Bank of Weatherford, Oklahoma, of $6,767.51, and held a one-third royalty interest in 160 acres of land in Custer County, Oklahoma, and owned no other property whatsoever.

"3. That decedent left as her sole and only heirs, the following, and no others, to-wit: Frank James Nelson, her son by her first marriage; and

Walter J. Van Duyne, her son by her second and last marriage. Both husbands of decedent had preceded her in death, and she was widowed and unmarried and single at the time of her death.

"4. That decedent left a valid Will, which was proved, and admitted to probate herein on the 21st day of August, 1948, and which Will has never been contested by any person or persons at any time.

"5. That the only devise, gift, bequest or benefit to the said Frank James Nelson contained in said Will, and the only mention thereof, is contained in Numbered Paragraph 3 of said Will, and is in exact words as follows, to-wit:

" '3. I give and devise to my son, Frank James Nelson, the house and lots which is now my home, being Lots 8 & 9, in Block 56, in the original town of Weatherford, said county and state, but not the contents of said house, nor the furniture nor the personal effects.'

"6. That the residuary clause in said Will is contained in Numbered Paragraph 6 of said Will, and is in exact words as follows, to-wit:

" '6. All the rest and residue of my property, real and personal, of every kind and wherever situated, whether vested or contengent at the time of my death, I devise and bequeath to my son, Walter J. Van Duyne, absolutely free and clear of any conditions or restrictions whatever. I have perfect confidence that my said son, Walter J. Van Duyne, will properly share my personal effects with my son Frank James Nelson; but I make no requirement, nor restriction on this whatsoever.'

"7. That after the execution of said Will (executed on April 10, 1946), and less than thirty days before her death, the said Jennie E. Van Duyne executed her deed and conveyed her entire interest in and to said Lots 8 & 9, in Block 56, in the original town of Weatherford, to a person not interested in this estate. That at the time of her death, the decedent, Jennie E. Van Duyne had no interest whatsoever in or to said Lots 8 & 9, above described.

"8. The amount of money now remaining in the hands of the Executor, and which money is now on deposit in the Security State Bank at Weatherford, Oklahoma, and which is $5,599.13, is the proceeds from the sale of said Lots 8 & 9, above described."

This stipulation, together with the files in the probate proceedings, were admitted in evidence without objection. However, the plaintiff in error, over the objections of defendant in error, introduced in evidence a warranty deed from his mother to him to the property involved herein and was permitted to testify that Jennie E. Van Duyne did not own lots 8 & 9 in block 56 at the time she executed the will; that she had six years prior thereto conveyed the same to him; that by reason thereof that as to this property the will was a nullity.

He further testified that a few days before the death of Mrs. Van Duyne he sold this property owned by him; that instead of placing his deed of record and conveying the property to the purchaser he elected to have his mother convey the property direct to the purchaser; that the purchase price was paid to him individually and not as the agent of his mother, Mrs. Van Duyne; that the proceeds of the sale belonged to him and not to his mother; that in order that he might have funds readily available to care for his mother during her last illness and in order that this money might not be mingled with the proceeds from the sale of his other property, he deposited the same in the bank in his mother's account; that he drew checks on the account; that his mother had nothing whatever to do with the sale of the property, other than to sign the deed at his request; that she never claimed the property and never at any time exercised any control over the funds from the sale.

The district court held that the devise to Frank James Nelson was adeemed and revoked by the sale of the property by the testatrix before her death, and that the proceeds of the sale

should be distributed to the residuary legatee, Walter J. Van Duyne.

Plaintiff in error presents his assignments of error under two propositions:

First. The judgment is not sustained by sufficient evidence and is against the clear weight of the evidence.

Second. The judgment of the trial court is contrary to law.

The evidence was sufficient to sustain the judgment of the district court and unless the judgment is contrary to law it must be sustained.

Defendant in error's contention that the special devise to plaintiff in error, Frank James Nelson, was revoked and adeemed by the sale of the property by the testatrix subsequent to the execution of the will and prior to her death, and that he, as the residuary legatee, is entitled to the proceeds obtained through said sale, must be sustained.

The rule is universal that in order to make a specific legacy effective the property bequeathed must be in existence and owned by the testator at the time of his death and the applicability of the doctrine of ademption by alienation is supported by many authorities. 57 Am. Jur., Wills, §1582, and authorities cited therein.

While the precise question here has not been before this court, yet the principle that a sale by the testator after the execution of his will of property specifically devised or bequeathed therein works an ademption of the gift has been recognized in many decisions and has received frequent application in connection with testamentary gifts of real estate; 57 Am. Jur. Wills, §1585 and cases cited thereunder; and, where the doctrine of ademption by alienation has been invoked or is applicable, a devise does not pass the proceeds of a sale made during the testator's lifetime of the subject matter of such devise, 57 Am. Jur., Wills, §1586.

We think that section 112 of Title 84 O.S. 1941, is authority for and sustains the judgment declaring the devise adeemed and revoked. Section 112 reads:

"Sec. 112. When intent to revoke expressed. If the instrument by which an alteration is made in the testator's interest in a thing previously disposed of by his will, expresses his intent that it shall be a revocation, or if it contains provisions wholly inconsistent with the terms and nature of the testamentary disposition, it operates as a revocation thereof, unless such inconsistent provisions depend on a condition or contingency by reason of which they do not take effect (R. L. 1910, §8369)."

We have never construed this section as applied to the facts herein. But California has an identical statute, section 1304 of California Civil Code[1], which provides:

"Sec. 1304. When it is a revocation. If the instrument by which an alteration is made in the testator's interest in a thing previously disposed of by his will expresses his intent that it shall be a revocation, or if it contains provisions wholly inconsistent with the terms and nature of the testamentary disposition, it operates as a revocation thereof, unless such inconsistent provisions depend on a condition or contingency by reason of which they do not take effect."

And in Re Benner's Estate, 155 Cal. 153, 99 P. 715, it was held that a sale by a testator of land devised operates as a revocation of it, as contemplated by Civ. Code, §1304, supra.

Unquestionably, the gift to Frank James Nelson of testator's entire interest to lots 8 and 9 in block 56 of the town of Weatherford, Oklahoma, constituted a specific devise, and when testatrix, subsequent to the execution of her will, sold the real estate devised, devisee was not entitled to the proceeds, in the absence of language in the will authorizing the sale or specifi-

---

[1] Amended 1931 and is now Sec. 73, California Probate Code and except for the substitution of 'interest in any property' for 'interest in a thing' is the same as former Section 1304, Civil Code.

cally bequeathing the proceeds to him. In re McLaughlin's Estate, 97 Cal. App. 481, 275 P. 874. There, in the opinion, under almost identical conditions as in the instant case, it was said:

"In the event of such sale of real estate, in the absence of language in the will which authorizes a sale or specifically bequeaths the proceeds of such sale, the devisee is not entitled to the proceeds, for the reason that the sale completely divests the testator of all interest in the property originally bequeathed. To be permitted to resort to the proceeds of such sale in the absence of specific authority would amount to the converting of a specific devise into a general legacy. Thompson on Wills, 382, §434; 2 Page on Wills, supra, §1331; Ametrano v. Downs, 170 N. Y. 388, 63 N.E. 340, 58 L.R.A. 719, 88 Am. St. Rep. 671. In Thompson on Wills, supra, it is said: 'A distinction exists between the bequest of a thing in specie and the bequest of its proceeds; in the one case the sale of the article will work an ademption, in the other it will not.' In 2 Page on Wills, supra, §1336, it is said: 'If the terms of the will show that testator contemplates some change in the form of the gift, or even a sale and reinvestment of the proceeds, and that he intends to pass the proceeds, or the property in which the proceeds are reinvested, to the original beneficiary full effect will be given to such provision,' otherwise the bequest is revoked.

"In the case of Ametrano v. Downs, supra, the court says: 'Had the deceased voluntarily alienated her property by deed it is entirely clear, under the authorities in this state, that the devisee would have no claim to the proceeds of the sale' (citing authorities). 'If a testatrix devises real estate and sells the same before the will takes effect, the proceeds of the sale will become personal estate, and no court can substitute the money received by the testatrix for the land devised' ..... 'When the testator had converted real estate, which he had devised as such, into personalty, or had converted the subject of a specific bequest of personal property into real estate, there was a revocation of the will or an ademption of the bequest.' ... 'The correctness of this doctrine has never been challenged.' Under circumstances like those which exist in the present case, the intention of the testatrix to specifically bequeath the proceeds of the sale of real property must be shown by the terms of the will, or she will be presumed to have revoked the bequest."

Plaintiff in error contends that the evidence conclusively shows that Jennie E. Van Duyne conveyed all of lots 8 & 9 in block 56 in Weatherford, Oklahoma, to him on December 1, 1941, which was more than five years prior to the date of her will; that by reason thereof she did not own the property at the time she made her will or on date of her death; that the will was a nullity in so far as this particular property was concerned, and that the only effect which could be given to it was as a ratification of the deed previously executed to him.

It is noted that this issue was first interposed by plaintiff in error in the district court on the appeal of the defendant in error on questions of law. It was the first time that he claimed to be the owner of the property by reason of a deed from his mother; and, up to that time he had contended that the money in the hands of the administrator was the proceeds of the sale of the property and was the same subject matter in a changed form of the property devised to him by his mother's will and properly belonged to him.

These contentions of plaintiff in error are without merit.

An order settling the final accounts of an executor, and determining the amount in his hands for distribution, fixes the character of the fund; and an objection that part of it does not belong to the estate cannot be urged on an appeal from the order of distribution, as the probate court has no jurisdiction to determine the rights of those claiming adversely to the estate, and upon an appeal from the probate court (county court) to the district court, the issues must remain the same. In re Burdick's Estate, 112 Cal. 387, 44 P. 734.

We have held many times that on appeal from the county court in probate proceedings, the district court has appellate jurisdiction only, and can pass upon only such issues as were presented and tried in the county court. See Cook v. Morrison, 202 Okla. 693, 217 P. 2d 810; and the issues cannot be changed in the district court. In re Hicks' Estate, 189 Okla. 310, 116 P. 2d 905.

For the reasons herein stated the judgment is affirmed.