Elijah Delos TAPP, Appellant,

v.

Irene V. MITCHELL and Virginia Sue Entriken, Appellees.

No. 38682.

Supreme Court of Oklahoma.

May 31, 1960.

Page Belcher, Jr., of Belcher, Belcher & Collins, Enid, for appellant.

McKeever, Glasser, McKeever & Conrad, by Douglas McKeever, Enid, for appellees.

HALLEY, Justice.

Elijah Delos Tapp, appellant, complains of error below in determining, on appeal from the county court, the manner of resort to property for payment of debts, taxes and expenses of the estate of James Leonard Tapp, deceased. The testamentary instrument makes, so far as pertinent, the following dispositions:

Clause I consists of a general provision for payment of debts, expenses of last illness and funeral.

Clause II provides a specific devise to Virginia Sue Entriken, decedent's niece, of property known as the Strode Farm.

Clause III contains a devise to Albert Bryan Tapp, decedent's brother, of land known as the Updyke Farm.

Clause IV devises to Irene Virginia Mitchell, testator's sister, decedent's home in Enid, Oklahoma, certain real estate located in El Reno, Oklahoma, and bequeathes to her "all of the furniture located in the home."

Clause V devises a remainder in the "Sunny Slope Farm" to decedent's brothers, Harry Lionel Tapp, Albert Bryan Tapp, his sister, Irene Virginia Mitchell, and his niece, Virginia Sue Entriken, in equal shares, subject to a life estate in Elijah Delos Tapp.

Clause VI states:

"I hereby give, devise and bequeath to my brothers, Harry Lionel Tapp, Elijah Delos Tapp, Albert Bryan Tapp and to my sister, Irene Virginia Mitchell and my niece, Virginia Sue Entriken in equal shares all cash and bonds, all oil and gas properties and royalties, and all notes and accounts receivable which I may own at the time of my death. If any one of the said Harry Lionel Tapp, Elijah Delos Tapp, Albert Bryan Tapp, Irene Virginia Mitchell and Virginia Sue Entriken should pre-decease me I then give and bequeath the said personal property to the survivor or survivors, share and share alike."

Clause VII provides:

"In the event it becomes necessary to sell any of my property during the course of administration of my estate, I hereby grant unto my executors full power and authority to sell and convey any and all of my real estate or personal property upon such terms and conditions as they deem proper without the necessity of any formal proceedings in the County Court subject only to the confirmation and approval of said Court."

Clause VIII states:

"I have a life insurance policy with the Massachusetts Mutual Insurance Company and the beneficiary thereunder is my brother, Harry Lionel Tapp. Said policy is in the amount of $2,000.00 and I hereby direct that the proceeds thereof be used to pay my funeral expenses and expenses of my last illness. If there is any balance remaining after payment of said expenses I direct that it be applied toward the expense of administration of my estate."

Clause IX provides:

"All the rest and residue of my property whether vested or contingent at the time of my death I give, devise and bequeath to my brothers Albert Bryan Tapp, Elijah Delos Tapp, Harry Lionel Tapp and my sister Irene Virginia Mitchell and my niece Virginia Sue Entriken in equal shares. * * "

The total appraised value of the estate is $95,232.71. Added thereto for the purpose of estate tax assessment, both state and federal, was other property passing dehors probate and not subject to administration. This consisted of: (a) a deposit of $10,000 in a savings and loan association held in a joint tenancy with the right of survivorship in the name of the decedent and appellant Elijah Delos Tapp; (b) a life insurance policy in the sum of $10,000 payable on decedent's death to the named beneficiaries: Albert Bryan Tapp, Elijah Delos Tapp, Harry Lionel Tapp and Irene Virginia Mitchell. (The policy was exempt from state estate tax, 68 O.S. 1951 § 989e(A) (6).

All residue, together with funds appropriated in Clause VIII of the will, have been applied to payment of debts, expenses and taxes. They are presently exhausted. Slightly in excess of $8,000 is still required to satisfy the balance of liabilities. Before entry of decree of distribution the executors presented "application for instruction on order of resort to property for payment of debts, expenses of administration and estate taxes." Four alternative formulae were submitted regarding the source to which resort should be had for payment of remaining obligations.

The County Court directed they should be borne equally by the five legatees named in Clause VI of the will, out of their respective distributive share thereunder; the proportionate part of the estate tax occasioned by inclusion in the tax return of property in joint tenancy passing dehors probate and not subject to administration, was ordered to be paid by the appellant who was the recipient of such asset.

On appeal to the District Court by Elijah Delos Tapp, the order so outlined was affirmed. Appellant seeks corrective relief from this Court.

He asserts in substance: on exhaustion of residuary assets under Clause IX and of funds earmarked for payment of expenses under paragraph VIII of the will, the legatees and devisees named in the testamentary instrument should contribute ratably inter se toward payment of the remaining liability of the estate. The gift in Clause VI, appellant urges, constitutes a specific rather than a general legacy. Hence it stands upon the same footing as the other bequests and devises of a like class and nature made by the testator in the preceding paragraphs of the will. All legacies and devises, the argument follows, should abate proportionately. 84 O.S.1951 § 3, subdivision 5; 84 O.S.1951 § 6.

Appellees concede the issue so tendered is governed by the provisions of 84 O.S. 1951 § 3; In re Fletcher's Estate, Okl., 308 P.2d 304. They contend, however: (a) the bequest in Clause VI amounts in law to a general legacy, and subdivision 4 of the mentioned statute should be applied; (b) the will, considered as a whole, exhibits a manifest testamentary intention that the legatees named in paragraph VI should bear an aliquot part of expenses, debts and taxes on exhaustion of residue and funds specifically appropriated for such purpose. 84 O.S.1951 § 3, provides in pertinent part:

"The property of a testator, except as otherwise especially provided in this code and in the chapter on civil procedure must be resorted to for the payment of debts in the following order:

"1. The property which is expressly appropriated by the will for the payment of the debts.

"2. Property not disposed of by the will.

"3. Property which is devised or bequeathed to a residuary legatee.

"4. Property which is not specifically devised or bequeathed, and,

"5. All other property ratably * *."

Our statute, 84 O.S.1951 § 1, subdivision 1, defines specific legacy:

"A legacy of a particular thing, specified and distinguished from all others of the same kind belonging to the testator is specific; if such legacy fails, resort cannot be had to the other property of the testator."

In In re Fletcher's Estate, supra, we held [308 P.2d 313]:

" * * * Specific legacies are bequests of a particular fund, chattel or portion of an estate, distinguishable from the remainder of the property, and differentiated from other articles or funds of the same or similar nature. See generally 57 Am.Jur., Wills, Secs. 1401, 1402, 1403; 69 C.J., Wills, Secs. 2085, 2086, 2087. * * *"

■ The property described in Clause VI was separated and distinguished from other personalty of the testator. It may be easily identified. The gift can be satisfied solely by the things bequeathed. Considering the instrument as a whole, as we must do, we are led to the conclusion it was the unmistakable intention of the decedent that the designated legatees receive the property enumerated and should have nothing else in substitution therefor. The bequest, which bears no relation to other assets of the estate, may not be made a burden or charge thereupon. If the property described in Clause VI had no existence, due to alienation, extinction or destruction when the bequest became operative at testator's death, the legacy would fail. In re Van Duyne's Estate, 205 Okl. 440, 239 P.2d 387.

In 96 C.J.S. Wills § 1129g, p. 900, it is said:

"A bequest of all property or articles of a certain class or description is generally specific. The fact that a general residuary clause is added to the bequest does not affect the character of the legacy. * * * The fact that the descriptive language may include numerous articles does not render the bequest any less specific."

In Grise v. Weiss, 213 Ind. 3, 11 N.E.2d 146, 150, it was held:

"A specific legacy is the gift of something which a testator, identifying it by a sufficient description, and manifesting an intention that it should be enjoyed or taken in the state or condition indicated by that description, separates in favor of a particular legatee, from the general mass of his personal estate. * * *

" * * * A legacy is specific when it can be satisfied only by the transfer or delivery of some particular portion of or article belonging to the estate, which the testator intended should be transferred to the legatee in specie."

See also Baker v. Baker, 319 Ill. 320, 150 N.E. 284, 42 A.L.R. 1514. Measured by accepted tests, we are constrained to hold Clause VI of the will constitutes a specific bequest in specie of all the property described therein.

Neither can we agree that the will, considered as a whole and in the light of different provisions in relation to each other, evinces testatorial intention to impose upon the legatees in Clause VI the burden of an aliquot part of liabilities in case of deficiency in the residue and assets expressly appropriated under paragraph VIII. Although the decedent anticipated it might become necessary to sell some property for payment of expenses and authorized (in Clause VII) the executors to so do, there is a total absence of testamentary direction dealing with the manner of abatement of legacies and devises. Nor does the will specify a different order of resort to property in the event of deficiency from that which the law imposes. In the absence of a clear testamentary indication to the contrary, the mandatory provisions of 84 O.S.1951 § 3, subdivision 5, must be applied and given effect. In re Fletcher's Estate, supra.

The will, as indicated above, is barren of any indicia showing testatorial preference or priority among the legacies and devises. The testamentary gifts embraced in Clauses II, III, IV, V and VI (the only assets now remaining in the estate) are all specific in character. They fall within an identical class and thus stand, inter se, upon an equal footing. The weight of authority holds that, on deficiency of assets for payment of debts and expenses of the estate, specific legacies and devises abate ratably unless a different intent clearly appear from the will. See 42 A.L.R. 1519. Our statutes support this rule. The provisions of probate code, 58 O.S.1951 §§ 381, 463, 471, as well as 84 O.S.1951 § 2, clearly charge all of decedent's property, without distinction between personalty and realty, with liability for payment of debts and expenses. Where there is insufficiency of other funds which precede in order of resort, a reduction or abatement of specific testamentary gifts must take effect in proportion to the value or amount of the several such devises or legacies. 84 O.S.1951 § 3, subdivision 5; 58 O.S.1951 § 471. The measure of liability is the value of respective properties at the testator's death. Haslam v. De Alvarez, 70 R.I. 212, 38 A.2d 158.

There was error in the order of the lower court directing that, on exhaustion of the residue together with funds specifically appropriated under paragraph VIII of the will, the burden of remaining debts, taxes and expenses fall solely upon the specific legacy in Clause VI.

Appellant next complains the lower court improperly charged his distributive share in the legacy under Clause VI of the will with the proportionate part of the total estate tax which was attributable to property in joint tenancy passing to him dehors probate by right of survivorship.

■ Under the laws of the United States and the State of Oklahoma (26 U.S.C.A. § 811(c); 68 O.S.1951 § 989e (A) (4), such property is required to be included in the "estate" for tax purposes. Hooker v. Hoskyns, Okl., 328 P.2d 404.

■ While the precise issue raised by the appellant is one of first impression, we have had occasion to consider a cognate proposition. In In re Rettenmeyer's Estate, Okl., 345 P.2d 872, we rejected the "equitable doctrine of estate tax apportionment" devolved by some jurisdictions without the aid of a statute, holding that the incidence of this exaction must rest on the estate in accordance with the provision of 84 O.S. 1951 § 3, entitled "order of resort to property for payment of debts, administration expenses and allowances." Thompson v. Wiseman, 10 Cir., 1956, 233 F.2d 734.

In Seattle-First Nat. Bank v. Macomber, 32 Wash.2d 696, 203 P.2d 1078, 1081, it was said:

"* * * An estate tax is a tax upon the transfer of property by the decedent upon his death, and is to be distinguished from an inheritance or succession tax, which is a tax upon the taking of property by a beneficiary or distributee. The estate tax is upon the entire estate, payable as an expense of administration, and not upon the particular devise, bequest, or distributive share of the individual beneficiary. See 28 Am.Jur. 8, Inheritance, Estate and Gift Taxes, §§ 2 to 5."

See also In re Bass' Estate, 200 Okl. 14, 190 P.2d 800; Ward v. Oklahoma Tax Commission, Okl., 322 P.2d 172.

■ The general rule, supported by the weight of authority, is that, in absence of a state statute or a testamentary direction charging the proportionate part of the estate tax, attributable to a non-probate asset, against the recipient's legacy or devise under the will, the entire estate tax burden, whether occasioned by property within or dehors probate, falls upon the estate.

See 37 A.L.R.2d 183; Central Trust Company v. Burrow, 144 Kan. 79, 58 P.2d

469; Seattle-First Nat. Bank v. Macomber, supra; Isaacson v. Boston Safe Deposit & Trust Company, 325 Mass. 469, 91 N.E.2d 334, 16 A.L.R.2d 1277.

The judgment is reversed and cause remanded to the trial court for further proceedings in accordance with the views herein expressed.

DAVISON, C. J., WILLIAMS, V. C. J., and WELCH, JOHNSON, JACKSON and BERRY, JJ., concur.

BLACKBIRD and IRWIN, JJ., concur in part; dissent in part.