**In the Matter of the ESTATE of Gilbert R. MURRAY, Deceased.**

**No. 48831.**

Court of Appeals of Oklahoma,
Division No. 1.

Dec. 13, 1977.

Rehearing Denied Jan. 31, 1978.

Certiorari Denied April 12, 1978.

Released for Publication by Order of Court of Appeals April 17, 1978.

Cassil, Jackson & Hall by Robert P. Hall, Oklahoma City, for appellants.

Ginder & Moore by Ed Moore, Cherokee, Morford, Benson & Gruber by Donald L. Benson, Alva, for appellees.

PER CURIAM:

This appeal is in the probate of the Last Will and Testament of Gilbert R. Murray, deceased.

The appellants, Kenneth McCray and Billy Dan Murray, are two of the legatees named in the will. The appellees are the co-executrices, Joanne Melton and Gayles Hill.

The appellants maintain that the appellees should not have paid the administration expenses, including estate taxes, costs and attorney fees, entirely out of the personal property which exhausted all of the personal property of the estate. They ask this court to reverse and remand the decision of the trial court with instructions to prorate the administration expenses among all of the devisees and legatees according to the value received by each.

The sole issue as stated by the appellees, is: "Should the estate taxes be shared ratably or should the personal property be sold to pay such taxes?" The answer to that question depends on the terms of the Will which reads in pertinent part:

ITEM ONE

I hereby direct the payment of all my just debts, estate taxes, last illness, funeral expenses, and the costs of administering my estate.

ITEM TWO

I hereby confirm all deeds, bank account, and other items that I now have or may hereinafter acquire in joint tenancy.

ITEM THREE

I give and bequeath all of my cash and personal property as follows, to-wit:

In equal and undivided shares to Gayles Hill, my niece; Joanne Melton, my niece; Rita Polf, my niece; Kenneth McCray, my nephew; and Billy Dan Murray, my nephew.

ITEM FOUR

I give and devise my real property as follows, to-wit:

(Here follows the devises of five parcels of farm land and one city property.)

ITEM FIVE

Any other real property that I may own at the time of my death, not devised above, I give and devise to my niece, Joanne Melton and my niece Gayles Hill, in equal and undivided shares.

The real question is whether Item Three should be construed as a specific legacy or as a residuary clause.

84 O.S.1971, § 1, subdivision 1, defines specific legacy:

1. A legacy of a particular thing, specified and distinguished from all others of the same kind belonging to the testator is specific; if such legacy fails, resort cannot be had to the other property of the testator.

.    .    .    .    .

4. A residuary legacy embraces only that which remains after all the bequests of the will are discharged.

5. All other legacies are general legacies.

In *In re Fletcher's Estate,* 308 P.2d 304 (Okl.1957), the opinion reads:

Specific legacies are bequests of a particular fund, chattel or portion of an estate, distinguishable from the remainder of the property, and differentiated from other articles or funds of the same or similar nature.

*    *    *    *    *    *

The controlling question is whether the probate court's application of the statute was correct under the circumstances of the case.

84 O.S.1971, § 3, provides:

The property of a testator, except as otherwise especially provided in this code and in the chapter on civil procedure must be resorted to for the payment of debts in the following order:

1. The property which is expressly appropriated by the will for the payment of the debts.

2. Property not disposed of by the will.

3. Property which is devised or bequeathed to a residuary legatee.

4. Property which is not specifically devised or bequeathed, and,

5. All other property ratably.

In *Tapp v. Mitchell,* 352 P.2d 900, 902 (Okl.1960), Clause VI of the Will was in part:

I hereby give, devise and bequeath to [naming five individuals] in equal shares all cash and bonds, all oil and gas properties and royalties, and all notes and accounts receivable which I may own at the time of my death.

The Oklahoma Supreme Court held in the *Tapp* opinion as follows:

The property described in Clause VI was separated and distinguished from other personality of the testator. It may be easily identified. The gift can be satisfied solely by the things bequeathed. Considering the instrument as a whole, as we must do, we are led to the conclusion it was the unmistakable intention of the decedent that the designated legatees receive the property enumerated and should have nothing else in substitution therefor. The bequest, which bears no relation to other assets of the estate, may not be made a burden or charge thereupon. If the property described in Clause VI had no existence, due to alienation, extinction or destruction when the bequest became operative at testator's death, the legacy would fail. *In re Van Duyne's Estate,* 205 Okl. 440, 239 P.2d 387.

\*　　\*　　\*　　\*　　\*　　\*

Nor does the will specify a different order of resort to property in the event of deficiency from that which the law imposes. In the absence of a clear testamentary indication to the contrary, the mandatory provisions of 84 O.S.1951, § 3, subdivision 5, must be applied and given effect. *In re Fletcher's Estate,* supra.

The will, as indicated above, is barren of any indicia showing testatorial preference or priority among the legacies and devises. The testamentary gifts embraced in Clauses II, III, IV, V and VI (the only assets now remaining in the estate) are all specific in character. They fall within an identical class and thus stand, inter se, upon an equal footing. The weight of authority holds that, on deficiency of assets for payment of debts and expenses of the estate, specific legacies and devises abate ratably unless a different intent clearly appear from the will. See 42 A.L.R. 1519. Our statutes support this rule. The provisions of probate code, 58 O.S.1951 §§ 381, 463, 471, as well as 84 O.S.1951 § 2, clearly charge all of decedent's property, without distinction between personality and realty, with liability for payment of debts and expenses. Where there is insufficiency of other funds which precede in order of resort, a reduction or abatement of specific testamentary gifts must take effect in proportion to the value or amount of the several such devices or legacies. 84 O.S.1951 § 3, subdivision 5; 58 O.S.1951 § 471. The measure of liability is the value of respective properties at the testator's death. *Haslem v. De Alvarez,* 70 R.I. 212, 38 A.2d 158.

Here, we find Item Three no less specific than Clause VI in the *Tapp* case. The bequest can be satisfied only by all of the testator's cash and personal property on hand at the time of his death. Nothing else can be substituted therefor.

The testamentary gifts embraced in Items Three and Four are all specific in character. Therefore, in the absence of other property or funds, which precede in the order of resort specified in 84 O.S.1971, § 3, the specific devises and legacies, under Items Three and Four will abate ratably in the payment of debts, estate taxes and costs of administration.

58 O.S.1971, § 381, reads:

All the property of a decedent, except as otherwise provided for the homestead

and personal property set apart for the surviving wife or husband and minor child or children, shall be chargeable with the payment of the debts of the deceased, the expenses of the administration, and the allowance to the family. And the property, personal and real, may be sold as the court may direct, in the manner hereinafter prescribed. There shall be no priority as between personal and real property for the above purposes.

In *In re Fletcher's Estate,* supra, the Oklahoma Supreme Court further held:

The provisions of the probate code, Secs. 381, 463, 471, supra, as well as 84 O.S. 1951 § 2, clearly charge all of a decedent's property, without distinction between personalty and realty, with liability for payment of debts, costs of administration and family allowances.

In view of the foregoing, we hold that it was error for the trial court to allow the use of all the cash and personal property of the estate for the payment of all the debts, estate taxes, attorney fees and costs of administration, and that the burden of said payments should have been prorated among all the devisees and legatees according to the value of the devise and/or bequest to each. Therefore, that part of the Order approving final account is reversed, and this case is remanded with instruction to prorate the payment of debts, estate taxes, attorney fees and costs of administration accordingly.

REVERSED AND REMANDED WITH INSTRUCTION.

REYNOLDS, P. J., and BOX and RO-MANG, JJ., concur.