KNOWLES *v.* NATIONAL BANK OF DETROIT.

1. INTERNAL REVENUE—FEDERAL ESTATE TAX—TRUSTS WITH POW-
   ER TO AMEND IN SETTLOR.
   Trust estates which have been settled during the lifetime of the
   settlor with power in latter to amend the trusts are part of
   the estate of the settlor for Federal estate tax purposes.

2. SAME—FEDERAL ESTATE TAX—INTER VIVOS TRUSTS.
   Intention that *inter vivos* trusts should not be made liable for
   proportionate share of Federal estate tax against testatrix's
   estate was disclosed by will expressly providing that all taxes
   assessable against her estate were to be paid before creation
   of residuary trust.

3. WILLS—INTENT—EVIDENCE.
   It was not reversible error to exclude testimony of scrivener of
   will from consideration as to intent of testatrix, where the
   intent of the testatrix clearly appears in the will.

4. JUDGMENT—HEARING—RES JUDICATA.
   An order of a Florida court directing the executor of the estate
   of a deceased resident of that State to demand ratable con-
   tributions for Federal estate tax purposes from trusts in this
   State whose trustees were not brought before the Florida
   court nor given an opportunity to be heard was not *res judicata*
   of the rights of the trustees.

5. INTERNAL REVENUE—FEDERAL ESTATE TAX—PRORATION—STAT-
   UTES.
   A Florida statute directing a ratable apportionment of the
   Federal estate tax unless a decedent expressly provides for a
   different apportionment or mode of payment does not control
   decision in suit to enforce such proration against estate assets
   in this State in the absence of such a statute in this State
   (Florida Stats 1951, § 734.041).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 28 Am Jur, Inheritance, Estate, and Gift Taxes § 138 *et seq.*
[3] 57 Am Jur, Wills § 1110.
[3] Admissibility of extrinsic evidence to aid interpretation of
    will. 94 ALR 26.
[4, 5] 30 Am Jur, Judgments § 195 *et seq.*
[6] 28 Am Jur, Inheritance, Estate, and Gift Taxes § 279 *et seq.*
[6] Ultimate burden of estate tax in absence of statute or will pro-
    vision. 37 ALR2d 169.

6. Same—Federal Estate Tax—Statutes—Intent.

> The burden of the Federal estate tax falls upon the residuary estate in the absence of a proration statute in this State and in the absence of a contrary intention expressed by the testatrix in her will.

Appeal from Wayne; Webster (Arthur), J. Submitted January 4, 1956. (Docket No. 11, Calendar No. 46,602.) Decided May 14, 1956.

Bill by G. B. Knowles, individually and as executor of the will of Beatrice A. Mueller, deceased, against National Bank of Detroit, trustee under 4 trust agreements, and as guardian of minor, against Fredric Mueller, minor, and against various contingent beneficiaries, known and unknown, to enforce payment of prorated portions of Federal estate tax. Varying answers filed, some joining in prayer for determination of prorated share of such taxes, others opposing, and defendant trustee asking instruction of the court. Bill dismissed. Plaintiff appeals. Affirmed.

*Beaumont, Smith & Harris (U. George Krapfel,* of counsel), for plaintiff.

*Dickinson, Wright, Davis, McKean & Cudlip,* for defendants National Bank of Detroit and Cyrenus L. Gillette, as trustees.

*Clark, Klein, Brucker & Waples* for defendants Fredric Mueller and his guardians, Alberta Gillette and National Bank of Detroit.

*Frederick G. Buesser, Jr.,* as defendant guardian *ad litem* for all unknown and unascertained charities and organizations with rights under *inter vivos* trusts.

*Frederick C. Gielow,* as defendant guardian *ad litem* for unborn, unknown and unascertained persons in interest.

BOYLES, J.   In this case plaintiff Knowles filed a bill of complaint in the circuit court for Wayne county in chancery for a decree requiring the defendant National Bank of Detroit, as trustee under 4 certain trust agreements hereinafter referred to, to pay to said plaintiff, as executor of the estate of Beatrice A. Mueller, deceased, out of the respective trust funds, the prorated portions of Federal estate tax, deficiencies, penalties and interest which the trust property bears to the taxable estate of said Beatrice A. Mueller.   Later the National Bank of Detroit, as ancillary administrator of the estate of said decedent, was added as a party plaintiff.   However, in this opinion, Knowles will be referred to as the plaintiff.   The bill of complaint asks that the payment of said prorated portions of Federal estate tax shall be considered as constituting equitable contributions by each of said trusts to the plaintiff executor of said Beatrice A. Mueller estate, and proper legal charges against the corpus of the trusteed assets in the hands of said National Bank, as trustee of said trusts.   The several charitable organizations named here as defendants are contingent remaindermen under 3 of said trusts, their interests being dependent upon the construction of paragraph 6 in the will of plaintiff's decedent Beatrice A. Mueller, and the time of death of Fredric Mueller, the decedent's grandson and residuary beneficiary under her will.

The trial court, after hearing testimony, concluded that in the absence of a proration statute in this State such as the one which obtained in Florida (the domicile of the decedent testatrix), the decision of the Florida court does not control here; interpreted the intent of the testatrix in the will contrary to the position taken by plaintiff, as to the impact of the Federal estate tax upon the residue of her estate, as referred to by the testatrix in paragraph

6 of the will, and dismissed the bill of complaint. From the decree entered accordingly, the plaintiff appeals.

Beatrice A. Mueller, plaintiff's decedent, died in Bradenton, Florida, on May 12, 1952, leaving an estate which would amount to approximately $1,400,-000 if the trust estates were to be included. Of this amount approximately $840,000 was property held in trust by the defendant National Bank of Detroit, as trustee. Plaintiff Knowles is the executor of her will, admitted to probate by the county court of Manatee county, Florida. She was the widow of Oscar B. Mueller. During her lifetime she established alone, or with her husband, the 4 trusts here involved. A power to amend these trusts was retained by the settlor or settlors, hence, they are included in her gross estate for purposes of the Federal estate tax. The trusts provide that the income therefrom, after the death of the settlors, shall go to their grandson, Fredric Mueller, and that the principal shall be paid to him in specified instalments at specified times. The trusts further name certain contingent beneficiaries for any portions of the trust estates which have not been paid out at the death of Frederic. The beneficiaries of these contingent interests are among those named defendants in this suit.

The will of the testatrix provides that the major. portion of her property thereby disposed of should go to her grandson Fredric as residuary beneficiary if he shall have attained the age of 21 years; in the event he has not, then it is to be held in trust. Certain other beneficiaries are named under the will whose interests do not vest except upon the contingency that Fredric die before attaining that age. Paragraph 6 of decedent's will, the interpretation of which controls decision in the instant case, reads, in part, as follows:

"*Sixth:* After paying the express legacy above provided, *all taxes assessable against my estate* and expenses of administration, the residue or remainder I give and bequeath to my grandson, Fredric Mueller, if he be living at the time of my death and over the lawful age of 21 years."

The important part of said paragraph, involved in the instant case, is indicated by the italics supplied therein.

The Federal estate tax return as filed by her estate showed taxable property of a total value of approximately $1,473,000, of which approximately 57% or $844,000 is attributable to the 4 *inter vivos* trusts previously mentioned. The total Federal estate tax has been computed to be approximately $387,000. A pro rata apportionment of this tax to the various components which make up the taxable estate for Federal estate tax purposes would result in a tax burden of approximately $221,715 attributable to the combined value of the 4 *inter vivos* trusts.

At the time this suit was commenced Fredric Mueller had not attained the age of 21 years. As previously mentioned, the property given him under the 4 trusts vests at a different time than that which he was to receive under the testamentary trust created by the will. Further, the beneficiaries of the contingent or executory interests created by the *inter vivos* trusts are not the same as those of the testamentary trust.

Plaintiff, pursuant to an order entered by the Manatee county court, brings this suit to compel contribution by the trustees of the 4 trusts in the amount mentioned, to be used toward the payment of the Federal estate tax.

The principal question here is whether the provision which the testatrix made in paragraph 6 of her will for payment of taxes applies, and, hence,

must govern the result to be reached in this case as to who must bear the impact of the Federal estate tax. It is argued by some of the defendants that paragraph 6 of the will, previously quoted, expressly makes provision for the question here presented and that the court therefore need look no further. The trial court's decision was in accord with that view.

Plaintiff argues that the language of paragraph 6 of the will refers only to the probate property of the testatrix; and that since the only property which the will purports to devise or bequeath is that which the testatrix had not previously disposed of in the trusts, by implication the "taxes" referred to in paragraph 6 are only those taxes on the decedent's so-called probate estate, and not those which are attributable to the assets of the trusts. Thus the impact of the Federal estate tax would fall, in part, on the 4 trusts. However, when the testatrix executed the will she had been confronted with a similar situation at the time of her husband's death, when a suit was brought in the Federal district court to have a decree entered which would provide that the Federal estate tax should be ratably apportioned among 5 trusts created by Oscar Mueller during his lifetime and among the assets which made up his probate estate. Bearing on the intent of the testatrix, she doubtless knew that the trusts here involved might be subject to Federal taxation.

Plaintiff Knowles, who drafted the will, testified over objection that the testatrix intended that the *inter vivos* trusts should bear their ratable portion of the Federal estate tax. Plaintiff claims that the trial court erred in ruling that this evidence should not have been received, and in excluding it from consideration. However, the intent of the testatrix shows in paragraph 6 of the will, and the decision of the trial court in refusing to consider the testi-

mony was not reversible error. 69 CJ, Wills, § 1181, p 151; 57 Am Jur, Wills, § 1110, p 710. See, also, *Waldron* v. *Waldron,* 45 Mich 350; *Wheeler* v. *Wood,* 104 Mich 414; *Defreese* v. *Lake,* 109 Mich 415 (32 LRA 744, 63 Am St Rep 584) ; *Burke* v. *Central Trust Co.,* 258 Mich 588.

The county court of Manatee county, Florida, entered an order in the probate proceeding of the decedent's estate on March 5, 1953, construing the will, determining that the trusts should each bear a ratable share of the tax, and directing the plaintiff executor to demand such sums from the trustee. This order was entered pursuant to the provisions of a Florida statute (Florida Stats [1951], § 734.041) which directs a ratable apportionment of the Federal estate tax unless a decedent expressly provides for a different apportionment or mode of payment. It is admitted that the order was entered *ex parte* and defendants assert that they are not bound thereby. The trustees of these trusts have legal title to the trust assets and the beneficiaries have equitable interests. They were not in any way brought before the Florida court or given an opportunity to be heard. If for no other reason, the order would not be *res judicata* as to their rights.

Furthermore, for reasons given by the trial court, we agree with the lower court that the order of the Florida court, based on a proration statute in that State, does not control decision here, absent such a statute in this State.

The precise question involved here is whether the trustee or trustees of these 4 trusts should be required to contribute to the Federal estate tax approximately 57% of said tax, attributable to the property in the 4 trusts which had been set up by the testratrix and (in one instance) together with her husband.

Plaintiff-appellant expressly denies that his claim involves the construction of a Michigan statute. On the contrary, appellant claims:

"It does involve the application of the Michigan common-law doctrine of equitable contribution which (in the absence of a Michigan tax apportionment act) is the Michigan law applicable to the case. * * * Michigan should recognize and give effect to its legislative policy of tax apportionment by the application of its common-law equitable principles."

A somewhat similar situation came before the Court in *Moorman* v. *Moorman,* 340 Mich 636.* The question there was whether the Federal estate tax should be deducted from the gross estate before the plaintiff's 1/3 share as surviving widow in an intestate estate was determined. The defendants contended that the Federal estate tax was a charge which should be deducted from the gross estate before the widow's share was computed. This Court so held.

The issue here is quite like that involved in the *Moorman Case.* In the case at bar the question must be considered in the light of paragraph 6 of the will. If reasonably ascertainable, the intent of the testatrix as to who should bear the impact of the Federal estate tax must control. We agree with the trial court that the testatrix meant, by "taxes assessable against my estate," to include all Federal estate taxes assessable against her estate, before the residue passed to her grandson Fredric Mueller. In the absence of a proration statute in this State, and in the absence of a contrary intention expressed by the testatrix in paragraph 6 of her will, the burden of the Federal estate taxes must fall upon the residuary estate. As in the *Moorman Case,* in the ab-

---

* PA 1955, No 101, enacted later, and after the death of plaintiff's decedent, has no bearing in the instant case.

sence of statute, we decline to follow the equitable proration doctrine urged by the plaintiff-appellant in the instant case.

As to the specific questions urged by appellant,

(1) We agree with the trial court that the decision of the Florida court is not binding here, in the instant case;

(2) We agree that decision here depends on the intent of the testatrix as interpreted from the residuary paragraph 6 of the will;

(3) The oral testimony of the plaintiff was merely his opinion of the intention of the testatrix, it has no probative value, and was properly disregarded;

(4) Whether this State shall adopt the so-called equitable doctrine of proration of Federal estate taxes is a matter for the legislature, not for the Court to put into the law. According to the record, some 23 States have passed proration laws. Michigan has not.

We are in accord with the conclusions of the trial court:

"According to these annotators the weight of authority holds that in the absence of (1) a controlling statute to the contrary (2) some expression of a contrary intention on the part of the decedent, the burden of estates taxes must fall upon the residuary estate.   *   *   *   So, I am bound to conclude that Michigan is in accord with the weight of authority in holding that the residuary estate must bear the estate tax burden in the absence (1) of a proration statute or (2) a contrary expression in the will."

Affirmed. Costs to appellees.

DETHMERS, C. J., and SHARPE, SMITH, KELLY, CARR, and BLACK, JJ., concurred.

The late Justice REID took no part in the decision of this case.