ETHELBERT WARFIELD, executor, *vs.* THE MERCHANTS NATIONAL BANK OF BOSTON, trustee.

Suffolk. November 7, 1957. — February 12, 1958.

Present: RONAN, SPALDING, WILLIAMS, COUNIHAN, & WHITTEMORE, JJ.

*Taxation,* Apportionment of tax burden, Federal estate tax. *Executor and Administrator,* Taxes. *Trust,* Taxes. *Jurisdiction,* Of trust. *Judgment. Constitutional Law,* Equal protection of laws.

U. S. C. (1952 ed.) Title 26, § 826 (b), did not entitle the executor of a will, directing him "to pay out of my residuary estate all transfer, inheritance, succession or estate taxes which may be imposed upon or with respect to the bequests and devises herein made (but not with respect to . . . transfers or gifts, if any, made by me prior to my decease)," to apportionment of the burden of the Federal estate tax as against the trustee of an inter vivos trust created by the testatrix,

property of which was included in her gross estate for tax purposes. [17–19]

Apart from statute, the executor of a will, even if it expressed an intent of the testatrix that an inter vivos trust established by her should bear its proportionate share of the Federal and State estate taxes imposed upon her estate, had no right to enforce that intent, appearing in the will alone, against the trustee of the trust where the will did not operate to control the terms of the trust instrument, by which the trustee's obligations were determined. [19]

A decree of a court of New York where a testatrix died domiciled and her will was probated, that the terms of her will required a certain apportionment of the burden of Federal and New York estate taxes upon an inter vivos trust created by her, whose situs was in Massachusetts and whose trustee, served only by substitute service in the New York proceeding, did not appear therein, was not binding, and did not furnish basis for recovery of the taxes so apportioned upon the trust, in a subsequent proceeding by the executor of the will against the trustee in Massachusetts; nor did a refusal in the proceeding here to allow such recovery deny the executor the equal protection of the law. [21–22]

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Suffolk on May 15, 1957.

The suit was reserved and reported by *Spalding*, J.

*Leonard Wheeler*, (*Paul H. Farrell* with him,) for the plaintiff.

*Theodore Chase*, (*Herbert P. Wilkins* with him,) for the defendant.

WHITTEMORE, J. The plaintiff is the executor by appointment of the Surrogate's Court for the County and State of New York, under the will of Bertha Coolidge Slade who died domiciled in New York city, January 9, 1953. The plaintiff seeks in these proceedings to recover the portions of Federal and New York estate taxes paid by him, which, according to decree of the Surrogate's Court, are apportionable to and payable by Day Trust Company, a Massachusetts corporation, as trustee under an inter vivos "Massachusetts trust" created by Slade on February 13, 1951. The defendant is the successor trustee. The case is here on reservation and report by a single justice of this court.

The will was dated and executed on January 26, 1951. It provides as follows: "I direct my Executor, hereinafter named, to pay all my just debts and funeral expenses as

soon after my death as practicable, and I further authorize and direct my said Executor to pay out of my residuary estate all transfer, inheritance, succession or estate taxes which may be imposed upon or with respect to the bequests and devises herein made (but not with respect to any transfers or gifts, if any, made by me prior to my decease)."

The trust instrument transferred to the trustees certain personal property in trust to pay the net income, and such parts of the principal as she might request in writing, to Slade for her life, and on her death to hold the trust property for other beneficiaries. The instrument provides that Slade by instrument in writing signed by her and the trustee might amend the trust or revoke it in part or in whole. The instrument also provides: "7. The Trustee is authorized in its discretion, but shall not be required, to pay any or all debts or expenses of administration which in its opinion constitute a proper charge against my estate, and to lend or give money or securities to my executor or administrator for that purpose."

The parties are agreed that a citation, returnable July 12, 1955, was duly issued in the proceedings in the Surrogate's Court in New York, in accordance with the provisions of the New York statute relating to service of process on nonresidents, and duly served on the trustee in Massachusetts, directing it to show cause why the court should not construe the will and apportion the taxes and determine the amount apportionable to the trustee, and that the trustee did not appear and accordingly did not become subject in personam to the jurisdiction of the Surrogate's Court. The parties have agreed also that the situs of the trust at all times material herein has been in Massachusetts.

The Surrogate's Court on December 27, 1956, decreed "that the express exception [in the provision of the will quoted above] relating to nontestamentary gifts was intended by said testatrix to charge such transfers with their proportionate share of the tax burden to the extent that they were included within the taxable estate, and . . . that the Federal estate tax apportionable against said Day Trust

Company as trustee . . . is $28,026.95 and that the New York estate tax [so] apportionable . . . is $4,172.46, both said amounts being subject to adjustment on the final determination of said . . . taxes; and . . . that said . . . trustee . . . pay said sums to the . . . [executor]; and . . . that . . . [the executor] take such steps as may be reasonably necessary to enforce the obligation of . . . [the] trustee . . . ."

Although both Massachusetts and New York have estate tax apportionment statutes, the plaintiff recognizes that neither applies; the Massachusetts statute (G. L. [Ter. Ed.] c. 65A, § 5) because it applies only to residents, and the New York statute (Decedent Estate Law, § 124) because this court has held that extraterritorial effect is not to be given to the tax apportionment statutes of other States against trust property the situs of which is and always has been in Massachusetts. See as to both points *Isaacson* v. *Boston Safe Deposit & Trust Co.* 325 Mass. 469.

The plaintiff recognizes also that the will did not operate to amend the trust and that the trust in its terms therefore does not require payment of the apportioned estate taxes. *Leahy* v. *Old Colony Trust Co.* 326 Mass. 49, 52–53, and cases cited. See *Phelps* v. *State Street Trust Co.* 330 Mass. 511.

The plaintiff contends that it has been conclusively determined that the will directs apportionment against the trust, and that the United States Internal Revenue Code entitles the executor to apportionment of the Federal tax where the will so directs and that in any event such a right should be recognized as to both the Federal and the State taxes.

We are unable to construe the provisions of the Federal statute to create a right of apportionment against these trust assets. The plaintiff relies on Internal Revenue Code of 1939, § 826 (b), U. S. C. (1952 ed.) Title 26, § 826 (b) (see now Internal Revenue Code of 1954, § 2205, U. S. C. [1952 ed.] Sup. IV, Title 26, § 2205). "Reimbursement out of estate. If the tax or any part thereof is paid by, or

collected out of that part of the estate passing to or in the possession of, any person other than the executor in his capacity as such, such person shall be entitled to reimbursement out of any part of the estate still undistributed or by a just and equitable contribution by the persons whose interest in the estate of the decedent would have been reduced if the tax had been paid before the distribution of the estate or whose interest is subject to equal or prior liability for the payment of taxes, debts, or other charges against the estate, it being the purpose and intent of this subchapter that so far as is practicable and unless otherwise directed by the will of the decedent the tax shall be paid out of the estate before its distribution."

At the threshold we notice that the policy declared in this statute is not, as the plaintiff contends, that if the will purports to direct that the tax be paid otherwise than out of the estate, it shall be so paid. The only policy declared is that, with a qualification, the tax shall be paid out of the estate before its distribution. The question is not presented, therefore, of whether the direct statement of the policy would stand as the equivalent of an express statutory provision directing that the tax burden fall in accordance with the policy. Such a question, which was presented in *Riggs* v. *Del Drago*, 317 U. S. 95, has been decided against the plaintiff's contention.

The court held in *Riggs* v. *Del Drago, supra,* (page 101) that § 826 (b) "does not command that the tax is a nontransferable charge on the residuary estate" and said (pages 100–101), "But that section does not direct how the estate is to be distributed, nor does it determine who shall bear the ultimate burden of the tax. . . . By that section Congress intended to protect a distributee against bearing a greater burden of the tax than he would have sustained had the tax been carved out of the estate prior to the distribution . . . . In short, § 826 (b), especially when cast in the background of Congressional intent, discussed before, simply provides that, if the tax must be collected after distribution, the final impact of the tax shall be the same as though it had first

been taken out of the estate before distribution, thus leaving to state law the determination of where that final impact shall be."

We do not find in the cases of other courts decided since *Riggs* v. *Del Drago*, and cited by the plaintiff, anything which leads us to think that the statute as applied to this case is subject to a different construction from that which we understand the *Del Drago* case to have given it.

We are unable to find a basis in reason or in our decisions for recognizing a right in the executor, apart from statute, to enforce against the trustee an intent of the donor of the trust, expressed by will alone, that the tax be paid by the trustee. No obligation having been created by statute to contribute to the tax, what the trustee is to do with the property is determined by the trust instrument and any instruments which lawfully amend its terms. The will, unless it conforms to the requirements of the trust instrument for amendment, is as inoperative upon the trust as is every other nonconforming expression of the donor's wishes however informal. We cannot accept the view expressed in *Goodson* v. *United States*, 151 Fed. Sup. 416, 420 (D. C. Minn., appeal pending), that the donor "has enough interest in or connection with the property to provide a basis for his right to determine by a testamentary provision what property shall bear the estate tax burden attributable to his inter vivos gifts." See also 43 Ill. L. Rev. 153, 168; 54 Harv. L. Rev. 10, 45. The accurate statement is, we think, that the donor has retained only enough interest to make such a determination if it is done by an act which operates to amend the trust in the way provided therein. We deem it irrelevant that the sovereign having jurisdiction may take the tax due it from the trust property if there is no other property available to pay it. In such a case applicable law imposes the tax.

It may be thought anomalous that, although the State of domicil and of the trust each has an apportionment statute, no apportionment is had. We have already determined that to overcome this anomaly by applying the foreign statute

would give it "extraterritorial effect contrary to first principles." *Isaacson* v. *Boston Safe Deposit & Trust Co.* 325 Mass. 469, 473. Compare New York decisions cited in footnote, *ibid.*, page 473. The anomaly results from what the donor of the trust did, or failed to do, in the particular frame of reference, as to statutes, domicil, and situs of trust, in which she acted. There is no general jurisdiction in equity to overcome anomalies. *Bemis* v. *Converse*, 246 Mass. 131, 134. We may not act in the place of the donor, and should not, in the guise of doing justice, modify legislative enactments. To assert that apportionment should be decreed in "equity and good conscience" (*Carpenter* v. *Carpenter*, 364 Mo. 782, 796–797) we respectfully suggest begs the question.

In *Isaacson* v. *Boston Safe Deposit & Trust Co.* 325 Mass. 469, there was no testamentary direction, but we think the statement there made (page 474) is applicable. "It must be regarded as settled in this Commonwealth that without the aid of statute the executor is not entitled to apportionment of the Federal estate tax as against others whose interests have been gathered into the gross estate." There is nothing in *Martin* v. *New England Deaconess Hospital*, 328 Mass. 259, inconsistent with this. There a testamentary provision that "legacy and succession taxes" imposed "upon any devise or legacy in this will, or upon the estate itself" should be paid out of the residue "of my estate" was construed to direct that the residue bear the tax on inter vivos gifts included in the gross estate. This was a recognition of a new gift benefiting the donees of inter vivos gifts, not a change in a gift already made. Our cases cited by the plaintiff are not in conflict. In *Bemis* v. *Converse*, 246 Mass. 131, in the absence of a definite declaration in either the inter vivos trust or the will, it was presumed that the intention of the testator was to let the ultimate burden of taxation rest where the law places it, and it was held that the Federal tax might not be apportioned to the trust. The court was not required to consider the effect of an expression of intent in the will only and said (page 135), "Definite provision for future taxes or for taxes under future laws are not uncom-

mon. . . . Absence of such provision from the trust deed here in issue is significant." And see *Pratt* v. *Dean*, 246 Mass. 300, where there was no relevant provision in the will and the court said (page 305), "Neither of the declarations of trust makes any provision for the payment of succession or estate taxes. Therefore the entire burden of this tax must rest upon the residuary estate in the hands of the executors . . ." citing *Bemis* v. *Converse, supra,* and other cases. *Plunkett* v. *Old Colony Trust Co.* 233 Mass. 471, *Taylor* v. *Jones*, 242 Mass. 210, and *Beals* v. *Magenis*, 307 Mass. 547, deal with the power to direct apportionment between legacies, bequests, and residue. *Dexter* v. *Jackson*, 245 Mass. 333, concerns a general power of appointment exercisable by will.

There are suggestions elsewhere, mostly in dicta, that testamentary intent should control. We do not find the suggested reasons persuasive.[1]

The plaintiff supports his assertion that the New York decree is conclusive (because a declaration by a competent court of the domiciliary State of the meaning of words used in the will) with citation of cases holding that decrees admitting wills to probate or ordering distributions are in rem proceedings. *Crippen* v. *Dexter*, 13 Gray, 330. *Bonnemort* v. *Gill*, 167 Mass. 338. *Cleaveland* v. *Draper*, 194 Mass. 118. We need not determine whether, since the decree is not binding on the trustee so far as it purports to settle its rights and obligations (*Harvey* v. *Fiduciary Trust Co.* 299 Mass. 457, 464, *Sadler* v. *Industrial Trust Co.* 327 Mass. 10, 12–13, *Feeney* v. *Feeney*, 335 Mass. 534, 539, *Pink* v. *A.A.A. Highway Express, Inc.* 314 U. S. 201, rehearing denied 314 U. S. 716; see *Bircks* v. *Armstrong*, 73 R. I. 232), the underlying interpretation of language is nevertheless binding. And, in the view we take of the case, it is not important,

---

[1] See in addition to the cases cited above *Commercial Trust Co.* v. *Millard*, 122 N. J. Eq. 290; *Central Hanover Bank & Trust Co.* v. *Peabody*, 190 Misc. (N. Y.) 66; and for dicta the following: *Central Trust Co.* v. *Burrow*, 144 Kans. 79; *Knowles* v. *National Bank*, 345 Mich. 671; *Gelin* v. *Gelin*, 229 Minn. 516; *First National Bank* v. *First Trust Co.* 242 Minn. 226; *In matter of Voronoff*, 127 Misc. (N. Y.) 440.

whether, if the New York construction is not binding, it is nevertheless the construction we would make, reading the will apart from the trust.[1]

We do not think there is a constitutional question such as the plaintiff suggests. There is no denial of equal protection of the laws. No statute or legal or equitable principle imposes the taxes in question on the trust.

The trustee is not required by the terms of the trust on which it holds the property to use any part of it to pay the apportioned taxes. There is no doubt of the propriety of a determination by the trustee not to pay taxes which neither statute nor case law imposes upon the trustee and which the trust instrument does not order it to pay. No question arises here of using a provision in the will to aid in the construction of an ambiguous provision in the trust instrument. We intend no suggestion in respect of such a question.

A final decree is to enter declaring that the trustee is under no obligation to pay the apportioned taxes. Costs and expenses of the defendant of the proceedings in this court are to be in the discretion of the single justice.

*So ordered.*

---

[1] The defendant points out that the language of the will is a direction to pay from the residue the taxes in respect of bequests and devises therein; it says, expressly, that the direction given is not as a direction to pay from the residue taxes in respect of inter vivos transfers; but it does not expressly state the testatrix's intent in the event that, in the absence of direction by her, the law places such taxes on the residue.