*Southern Division*

**TERRY L. PARFITT, PPA ET AL**

v.

**DEAN JUNIOR COLLEGE**

Argued: Nov. 29, 1967     Decided: Jan., 1968

*Present:* Nash, C. J., Cox, Murphy, J. J.

Tried to *Robinson, J.* in the District Court of Western Norfolk.   No. 26437

*Cox, J.* This action is upon a judgment rendered against the defendant on October 25, 1965 by the Supreme Court of the State of New York in and for the County of Monroe. The defendant's answer is a general denial and the further answer that it is a Massachusetts educational corporation entitled to all the rights and benefits of Chapter 180 of the General Laws and that the New York Court issuing the judgment sued upon had no jurisdiction over the defendant.

There was a finding for the defendant.

The case was reported for our determination because the plaintiff claims to be aggrieved by the denial of certain of his requested rulings. We treat them as raising in favor of the New York judgment the basic jurisdictional question which we discuss.

The justice made the following findings:

"An examination of the authenticated copy of the New York judgment discloses that the plaintiffs brought their action in the New York court on an alleged claim for the return of tuition money and board money which the plaintiffs paid by mail to the defendant in the summer of 1964. Paragraph 3 of the complaint alleges that

sometime during the summer of 1964, the plaintiff applied by mail for admission as a student in the defendant college and that the defendant ultimately accepted the application. Obviously the acceptance of the application by the defendant college was in Franklin, Massachusetts, and from this I rule that this contract became a Massachusetts contract even though the payments called for by the contract were mailed to the defendant from New York.

"I find and rule that this is a so-called 'Money-Judgment', that the defendant was not served with process in the State of New York but in fact service was obtained by means of a deputy sheriff of Norfolk County, Massachusetts, which is apparent on the face of the record.

"I find that the defendant is domiciled and has its sole place of business in Massachusetts pursuant to its charter and did nothing to submit to the jurisdiction of the New York court."

The findings were clearly warranted as the evidence is not in dispute. The plaintiff's application for admission to Dean was sent by mail from his residence in Monroe County, New York. The acceptance of the application was also by mail. In accordance with the contract the plaintiff paid for the first semester. This payment was by mail as was a check for a deposit for board for two semesters. Before the

end of the first semester the plaintiff was dismissed for infraction of the rules of the college. Alleging wrongful dismissal he brought his action in New York and recovered the judgment upon which he has brought the present action.

By § 302 (a) of the New York Civil Practice Law and Rules, jurisdiction is conferred over a nonresident who, among other things, "transacts any business within the state".

The question is whether the defendant was transacting business within the State of New York so as to have become subject to the jurisdiction of the New York Court. In our opinion it was not.

The law permits the defendant to show that it was not duly served with process in the State of New York and that it had not submitted to that State's jurisdiction. *Chicago Title & Trust Co.* v. *Smith,* 185 Mass. 363, 366. *Cheshire National Bank* v. *Jaynes,* 224 Mass. 14, 15. *Portland Maine Publishing Co.* v. *Eastern Tractors Co.,* 289 Mass. 13, 17. *Harvey* v. *Fiduciary Trust Co.,* 299 Mass. 457, 464. The record discloses that this is an isolated transaction involving the defendant with a New York resident.

In the recent case of *Wolfman* v. *Modern Life Insurance Co.,* 352 Mass. 356 the court quotes with apparent approval, 73 Harv. L. Rev. 909, 928: "The furthest extension of jurisdiction based on an isolated contract has been

in the insurance field — First, the Supreme Court has long recognized a unique state interest in insurance contracts. Second, in selling the policy to an out-of-state plaintiff the insurance company asserts its ability and willingness to investigate and pay claims within the forum. Finally, litigation is a normal part of the insurance company's business and should be regarded as a cost of making a profit within the forum.'' The opinion observes that ''The constitutionality of basing service on multiple activities by mail within the State was established by *Travelers Health Assn.* v. *Virginia ex. rel. State Corp. Commu.*, 339 U.S. 643. That the requirements of due process are met by such a statute (G.L. c. 175B) when the only activity in the state relates to the particular policy sued on is settled by the McGee case.'' *McGee* v. *International Life Ins. Co.*, 355 U.S. 220, 222.

We do not think that it can be fairly and justly said of this isolated transaction that the defendant ''purposefully avails(d) itself of the privilege of conducting activities within the forum State (New York), thus invoking the benefits and protections of its laws.'' *Hanson* v. *Denckla*, 357 U.S. 235, 253, where the issue was jurisdiction over a trust. ''The requirement for the validity of the asserted power of a State to enter a binding judgment against a non-resident not served with process within its boundaries is that 'he have certain

minimum contacts with — [the State] such
that the maintenance of the suit does not of-
fend traditional notions of fair play and sub-
stantial justice'. *International Shoe Co.* v.
*Washington*, 326 U.S. 310, 316. *McGee* v. *In-
ternational Life Ins. Co.*, 355 U.S. 220, 222.''
*Wolfman* v. *Modern Life Ins. Co.*, 352 Mass.
356.

We find further reassurance in the case of
*Warfield* v. *Merchants National Bank*, 337
Mass. 14. The New York Surrogate's Court
apportioned to Merchants Bank as successor
trustee under an inter-vivos trust set up in
Massachusetts by the New York testator dur-
ing his life. A citation had been issued by the
Surrogate's Court in New York in accordance
with the New York Statute relating to service
of process on non-residents. The citation, like
the process served on Dean Junior College, was
served on Merchants Bank in Massachusetts
directing it to show cause why the Surrogate's
Court should not construe the bill and appor-
tion the taxes to Merchants Bank as trustee.
Merchants Bank ''did not appear and accord-
ingly did not become subject in personam to
the jurisdiction of the Surrogate's Court.'' The
situs of the trust had been at all times in Mass-
achusetts. It was held that the decree of the
New York Court was not binding upon Mer-
chants Bank so far as it purported to settle
its rights and obligations.

In our opinion, because the defendant did not

appear before the New York Court and was not served with process within that State and because it was not found to be purposefully conducting activities within New York, nor invoking the benefits and protection of its laws, the judgment is not binding upon the defendant Dean Junior College. The "Long Arm" of New York does not in this case extend from Monroe County to Franklin, Massachusetts.

We see no prejudicial error in the denial of the plaintiff's request for rulings. **The report should be dismissed.**

MANUEL KYRISKAKIS,

of Franklin for the Plaintiff.

HOWARD C. ABBOTT,

of Franklin, for the Defendant.

*Western District*